Howard J. Weg (State Bar No. 91057)
hweg@pwkllp.com
David B. Shemano (State Bar No. 176020)
dshemano@pwkllp.com
Monsi Morales (State Bar No. 235520)
mmorales@pwkllp.com
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

and

Ali M.M. Mojdehi (State Bar No. 123846)
ali.m.m.mojdehi@bakernet.com
Christine E. Baur (State Bar No. 207811)
christine.e.baur@bakernet.com
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA  92130-3051
Telephone:  (858) 523-6200
Facsimile:   (858) 259-8290

Co-Counsel for Debtor Namco Capital Group, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual,<br><br>Debtors. | Case No.: 2:08-32333-BR<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 2:08-32349-BR)<br><br>**DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES** |

Check One or More as Appropriate:
Affects Both Debtors: ☐
Affects Namco Capital Group, Inc. only: ☒
Affects Ezri Namvar only: ☐

Namco Capital Group, Inc., (the "Debtor") hereby submits its Schedules of Assets and Liabilities (the "Schedules'). On February 10, 2009, Howard Grobstein became the Chief Restructuring Officer ("CRO") of the Debtor. Pursuant to the terms of the Debtor's engagement letter with Crowe Horwath LLP ("Crowe"), Crowe has provided staff to assist Mr. Grobstein in the performance of his duties as CRO. Under the supervision of Mr. Grobstein, the Debtor's employees

and the staff provided to the Debtor by Crowe have been reviewing the Debtor's books and records and have prepared the attached Schedules.

Based on the information available to it, the Debtor has attempted to provide complete and accurate information, but no assurance can be made that the information is complete and accurate, as the books and records of the Debtor have not been audited or verified. The Debtor is, however, continuing to review and update its books and records and other financial information, and the information provided in the Schedules may need to be augmented or corrected in the future. Nothing contained in or omitted from the Schedules constitutes or should be deemed an admission by the Debtor, and the Debtor reserves the right to amend the Schedules periodically to the extent necessary to reflect new or additional information.

Any failure to designate a claim or lien listed on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or lien is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets or defenses to, (i) any claim reflected on the Schedules as to amount, liability, priority, or classification, or (ii) any lien reflected on the Schedules as to validity, priority, or extent, or to otherwise subsequently designate any claim or lien as "disputed," "contingent," or "unliquidated." Similarly, the designation of a contract or lease as "executory" does not constitute an admission by the Debtor that such contract or lease exists or is in fact "executory," and the Debtor reserves the right to dispute that such contract or lease exists or is in fact "executory."

Dated: March 15, 2009

PEITZMAN, WEG & KEMPINSKY LLP

By:_____/s/ Monsi Morales_____
        Howard Weg
        David B. Shemano
        Monsi Morales

and

BAKER & McKENZIE LLP
        Ali M.M. Mojdehi
        Christine E. Baur

Co-Counsel for Namco Capital Group, Inc.

## VERIFICATION OF SCHEDULES OF ASSETS AND LIABILITIES

I, Howard Grobstein, declare as follows:

1.      On February 10, 2009, I became the Chief Restructuring Officer, President, Chief Financial Officer and Secretary of Namco Capital Group, Inc., (the "Debtor"). I am a certified public accountant and fraud examiner duly admitted to practice accountancy in the State of California and am a member of the accounting firm of Crowe Horwath LLP ("Crowe"). Except as otherwise stated, I have personal and first-hand knowledge of the matters set forth herein and, if called as a witness, would competently testify thereto.

2.      I have read the attached Schedules of Assets and Liabilities (the "Schedules") that were prepared under my supervision by the Debtor's employees and the staff provided to the Debtor by Crowe under the terms of the engagement letter.   The Schedules are true and correct to the best of my knowledge and based upon the information contained in the Debtor's books and records.  Neither I nor Crowe, however, has verified or audited the Debtor's books and records or any of the information contained within or relied upon in preparing the Schedules.   If additional information becomes known as a result of the ongoing review of the Debtor's books and records, the Schedules will be promptly amended.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of March, 2009, at Los Angeles, California.


_____
HOWARD GROBSTEIN

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| David B. Shemano (State Bar No. 176020)<br>Peitzman, Weg & Kempinsky LLP<br>10100 Santa Monica Blvd., Suite 1450<br>Los Angeles, CA 90067<br>Tel: (310) 552-3100 / Fax: (310) 552-3101<br>☑ Attorney for: Namco Capital Group, Inc. | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|
| In re:<br><br>   NAMCO CAPITAL GROUP, INC.,<br><br>                                              Debtor(s).<br><br><br>                                              Plaintiff(s).<br><br><br>                                              Defendant(s). | CASE NO.: 2:08-32333-BR<br><br>ADV. NO.:<br><br>CHAPTER: 11 |

## Corporate Ownership Statement Pursuant to
## F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

*Pursuant to F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,  Howard Grobstein                                            , the undersigned in the above-captioned case, hereby declare
   *(Print Name of Attorney or Declarant)*

under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.       I have personal knowledge of the matters set forth in this Statement because:

   ☑   I am the president or other officer or an authorized agent of the debtor corporation

   ☐   I am a party to an adversary proceeding

   ☐   I am a party to a contested matter

   ☐   I am the attorney for the debtor corporation

2. a.   ☐   The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

   *[For additional names, attach an addendum to this form.]*
   Ezri Namvar - 100% shareholder

   b.   ☐   There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Signature of Attorney or Declarant                    3/15/09
                                                     Date

Howard Grobstein
Printed Name of Attorney or Declarant

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

April 2007

Party Name, Address and Telephone Number *(CA State Bar No. If Applicable)*

Howard J. Weg (State Bar No. 91057)
David B. Shemano (State Bar No. 176020)
Monsi Morales (State Bar No. 235520)
Peitzman, Weg & Kempinsky LLP
10100 Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067
(310) 552-3100

Attorneys for Namco Capital Group, Inc.

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

NAMCO CAPITAL GROUP, INC.

Debtor.

CHAPTER 11

CASE NUMBER  2:08-32333-BR

(No Hearing Required)

## VENUE DISCLOSURE FORM
## FOR CORPORATIONS FILING CHAPTER 11
### (Required by General Order 97-02)

*\*Attach additional sheets as necessary and indicate so in each section\**

1.   Specify the address of the principal office of the Debtor currently on file with the California Secretary of State (*from Form S0100, S0200, or S0300*):

    12121 Wilshire Blvd., Suite 1400
    Los Angeles, CA 90025

2.   Specify the address of the principal office of the Debtor listed on the Debtor's most recent federal tax return:

    same

3.   Disclose the current business address(es) for all corporate officers:

    same

4.   Disclose the current business address(es) where the Debtor's books and records are located:

    same

---

*Rev. 12/99* This form is required pursuant to General Order 97-02. It has been approved for use by the United States Bankruptcy Court for the Central District of California.      **VEN-C**

Venue Disclosure Form for Corporations Filing Chapter 11 - *Page 2*

**VEN-C**

| | |
|---|---|
| In re | CHAPTER 11 |
| NAMCO CAPITAL GROUP, INC. | |
| Debtor. | CASE NUMBER   2:08-32333-BR |

5.   List the address(es) where the majority of the Debtor's assets are located based on a book value determination as set forth on the Debtor's most recent balance sheet:

   same

6.   Disclose any different address(es) to those listed above within six months prior to the filing of this petition and state the reasons for the change in address(es):

7.   State the name and address of the officer signing this Statement and the relationship of such person to the Debtor (*specify*):

   Howard Grobstein,
   Chief Restructuring Officer, President,
   Chief Financial Officer & Secretary
   12121 Wilshire Blvd., Suite 1400
   Los Angeles, CA 90025

8.   Total number of attached pages of supporting documentation: ___0___

9.   I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on the __15th__ day of __March__, 20_09_, at __Los Angeles__, California.

Howard Grobstein
_____
Type Name of Officer

Chief Restructuring Officer, President, Chief Financial Officer & Secretary
_____
Position or Title of Officer

_____
Signature of Declarant

*Rev. 12/99* This form is required pursuant to General Order 97-02.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**VEN-C**

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows:  (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

2.  (If petitioner is a partnership or joint venture)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

In re Ezri Namvar; Case No. 08-32349-BR; pending; filed in the Central District of CA, Los Angeles Division on 12/22/08 as an involuntary chapter 11 case

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Los Angeles_____, California.

Dated __March 15, 2009_____

_Debtor_   by Howard Grobstein

_Joint Debtor_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Form B6 - Summary (12/07)

2007 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re | Case No.: | |
|-------|-----------|--|
| NAMCO CAPITAL GROUP, INC.        Debtor. | 2:08-32333-BR        (If known) | |

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|--|------------------|-------------------|---------------|--------|-------------|-------|
| A - | Real Property | YES | 1 | $ 15,300,000 | | |
| B - | Personal Property | YES | 9 | $ 656,102,930 | | |
| C - | Property Claimed as Exempt | NO | n/a | | | |
| D - | Creditors Holding Secured Claims | YES | 2 | | $ 20,311,150 | |
| E - | Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 607,118 | |
| F - | Creditors Holding Unsecured Nonpriority Claims | YES | 92 | | $ 524,496,299 | |
| G - | Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - | Codebtors | YES | 5 | | | |
| I - | Current Income of Individual Debtor(s) | NO | n/a | | | $ 0 |
| J - | Current Expenditures of Individual Debtors(s) | NO | n/a | | | $ 0 |
| | TOTAL | | 113 | $ 671,402,930 | $ 545,414,567 | |

Form B6A (12/07)

In re

      NAMCO CAPITAL GROUP, INC.

2007 USBC, Central District of California

Case No.:

Debtor.    2:08-32333-BR      (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1929 Pico Blvd. Los Angeles, CA 90006 | 100% fee simple interest | | $ 4,500,000 based on offer received for property in Dec. 2008 | $ 3,184,150 |
| 9920 La Cienega Los Angeles, CA | 60% fee simple interest | | $ 10,800,000 based on the Debtor's estimated total property value of $18,000,000 | $ 17,127,000 |

Total ➤ $ 15,300,000

(Report also on Summary of Schedules.)

Form B6B - (12/07)                                                 2007 USBC, Central District of California

In re

NAMCO CAPITAL GROUP, INC.                        Case No.:

                                    Debtor.      2:08-32333-BR        (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 1. | Cash on hand. | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home stead associations, or credit unions, brokerage houses, or cooperatives. | | Security Pacific Bank XXXX-928 Security Pacific Bank XXXX-626 Wells Fargo XXXX-335 | | $ 0 (overdrawn acct) $ 1 $ 768 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |
| 11. | Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |

Form B6B - (12/07)                                                    2007 USBC, Central District of California

In re                                                    Case No.:

NAMCO CAPITAL GROUP, INC.                          Debtor.    2:08-32333-BR    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 12. | Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |
| 13. | Stock and interests in incorporated and unincorporated businesses. Itemize. | | 80% equity interest in Pico 26, LLC See Attachment B-13 | | Unknown |
| 14. | Interests in partnerships or joint ventures.  Itemize. | | 50% partnership interest in Jorad, Ltd. See Attachment B-14 | | $ 58,198 |
| 15. | Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. | Accounts receivable. | | See Attachment B-16 | | $ 656,004,581 |
| 17. | Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. | Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. | Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. | Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. | Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. | Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. | Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |

Form B6B - (12/07)                                                                                     2007 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| NAMCO CAPITAL GROUP, INC. | Debtor. | 2:08-32333-BR | (If known) |

## SCHEDULE B -PERSONAL PROPERTY
### (Continuation Sheet)

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 24. | Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. | Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Mercedes-Benz S500V Leased | | $ 0 |
| 26. | Boats, motors, and accessories. | X | | | |
| 27. | Aircraft and accessories. | X | | | |
| 28. | Office equipment, furnishings, and supplies. | | Miscellaneous  12121 Wilshire Blvd., Suite 1400 Los Angeles, CA 90025 | | $ 29,382 |
| 29. | Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. | Inventory. | X | | | |
| 31. | Animals. | X | | | |
| 32. | Crops - growing or harvested. Give particulars. | X | | | |
| 33. | Farming equipment and implements. | X | | | |
| 34. | Farm supplies, chemicals, and feed. | X | | | |
| 35. | Other personal property of any kind not already listed. Itemize. | | Other miscellaneous furnishings held by Ezri Namvar | | $ 10,000 |

_____6_____ continuation sheets attached          Total ➤          $ 656,102,930

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

# NAMCO CAPITAL GROUP, INC.

Case No. 2:08-32333-BR

## Schedule B - Question 13 Stock and Interests in Incorporated Businesses
**Attachment B-13**

| Pico 26, LLC's Interests | Namco Capital Group, Inc.'s Effective Share (80% of Pico 26)* |
|---|---|
| 67% of real property located at 408 N. Palm | 53.60% |
| 50% of WFS 22706 PCH, LLC | 40.00% |
|    which owns 100% of Flamingo Chateau, LLC | 40.00% |
|       which owns 100% of Tango Condos in Las Vegas | 40.00% |
| 50% of WN Cliffside, LLC | 40.00% |
|    which owns 100% of Galloway Holdings | 40.00% |
|       which owns 50% of real property located at 38801 Los Corralitos Rd | 20.00% |
| 20% of a parcel of vacant land in Kurtistown Heights, HI | 16.00% |
| 100% of Burtonam Properties | 80.00% |
|    which owns 41.67% of real property commonly known as Beverly Alexandra | 33.34% |
| 100% of Playa Properties | 80.00% |
|    which owns 15.2% of real property located at 6419 Ocean Front Walk | 12.16% |

* Note:  The value of Namco Capital Group, Inc's interest in Pico 26, LLC and
the affiliated entities and properties listed in this Attachment B-13 cannot be
determined at this time.

*Draft for Discussion Purposes Only - Not Audited*

# NAMCO CAPITAL GROUP, INC.
Case No. 2:08-32333-BR
## Schedule B - Question 14 Interests in Partnerships and Joint Ventures
### Attachment B-14

| Partnership | Description of Assets | Current Value of Assets | Liabilities | Namco Capital Group, Inc's Current Value (50% Jorad, Ltd) |
|---|---|---|---|---|
| Jorad Ltd. | 100% fee simple interest in vacant land located near the intersection of SE Main Street and Mariposa Road, South of the adjacent Burger King on Mariposa Road, Hesperia, CA | $ 676,000  based on offer to purchase property received in Dec. 2008 | $ 559,603 owed to Namco Capital Group, Inc.* | $ 58,198**   (50% of value based on assets minus liabilities) |

\* Receivable is reflected on A/R list (see Attachment B-16)

\*\* The Balance Sheet for Jorad Ltd. shows the Debtor's equity value as ($173,396)

*Draft for Discussion Purposes Only - Not Audited*

Draft for Discussion Purposes Only - Not Audited

**NAMCO CAPITAL GROUP, INC.**     **Case No. 2:08-32333-BR**

**Schedule B - Question 16 Accounts Receivables**
Attachment B-16

**Accounts Receivables**

| | |
|---|---:|
| 11657 Chenault St. | 2,646,890.03 |
| 1175 SMV, LLC | 625,856.44 |
| 11920 Chandler Blvd LLC | 112,170.59 |
| 12047 Califa, LLC | 85,744.80 |
| 127 W 25th St. NY, NY | 1,600,000.00 |
| 1411 Barry | 76,730.07 |
| 2020 Live Oak (Dallas) | 232,960.00 |
| 241 5th Ave  Hotel | 7,280,030.00 |
| 8 Mile Partners, LLC | 763,465.93 |
| 8665 Burton Way-Shanfeld | 0.00 |
| Abselet, Amir & Kamran | 20,000.00 |
| Amin, Joseph | 100,030.00 |
| AMONA-Fremont | 734,650.03 |
| Armony Family 1998 Trust | 4,500.00 |
| Ashourpour, Moiz | 50,000.00 |
| Avondale | 259,502.00 |
| Babajooni, Hersel | 773,380.30 |
| Baraka Enterprises LLC | 800.00 |
| Behzad, Berokhim | 42,256.24 |
| Beshmada LLC | 56,051,902.89 |
| Beshmada of Delaware, LLC | 2,621,420.08 |
| Beverly Alexandra Apartments | 4,064,124.89 |
| Bibi Holdings, LLC | 2,316.33 |
| Boise Tower, LLC | 7,335.83 |
| Borrego, Mousa | 1,189,948.25 |
| Brentwood Garden / WN 2, LLC | 702,772.64 |
| Buckeye-Quest America-Beshmada | 414,969.00 |
| Bundy Dimes | 98,455.96 |
| Bunherst | 95,277.94 |
| Bunwil LLC | 2,000.00 |
| Burton 25, LLC | 2,212,202.77 |
| Burtonam Properties LLC | 1,575,941.65 |
| CAP 16 Delaware SPE LLC | 2,552.33 |
| CAP 16 SPE Manager LLC | 3,563.69 |
| Car Wash Esmailzadeh | 1,071,585.30 |
| Center Bank | 129.00 |
| Chandler Sign | 39,122.99 |
| Civic Palm LLC | 764,964.88 |
| Cohen, Simon | 5,000.00 |
| Cook, Susan | 5,000.00 |
| Courvoisior Courts LLC | 23,427.88 |
| Dan Shaw/Joe Mand. | 728,341.36 |
| DBN Carrillo Village LLC | 352,547.91 |
| DBN Development, LLC | 17,653.74 |
| DBN Parkside, LLC | 1,291,416.80 |
| DBN West Esplanda LLC | 605,817.13 |
| DBN Yanonali, LLC | 1,350,000.00 |
| DGADE of DelawareLLC | 4,645,030.00 |
| Dimes - Secret Beach | 249,440.00 |
| Dimes Birdview | 1,957,398.30 |
| Dimes LLC | 5,620,153.31 |
| Dimes LLC-Legent | 130,000.00 |
| Dimes Oakmont | 3,024,483.09 |
| Dimes-Cliffside LLC | 2,666,685.91 |
| Dimes-Rancho Malibu | 100,000.00 |
| Douglaston Equities LLC | 5,750,641.00 |
| Dream Team Partners LLC | 45,000.00 |
| Dynasty 1 Tower | 1,989,645.02 |
| Dynasty Tower-Pinkie's | 11,494,500.19 |
| Elbon | 333,894.00 |
| Enpalm LLC | 126,192.18 |

The financial information available to the Debtor with respect to each of the entities listed herein,
including assets and liabilities, has been provided to the Creditors' Committee and is the subject
of ongoing review by the Debtor's CRO and staff.

Draft for Discussion Purposes Only - Not Audited

**NAMCO CAPITAL GROUP, INC.**    Case No. 2:08-32333-BR
Schedule B - Question 16 Accounts Receivables
Attachment B-16

**Accounts Receivables**

| | |
|---|---:|
| Equimax Mortgage & Loan | 720,501.03 |
| Expo Delaware SPE LLC | 3,759.19 |
| Expo SPE Manager LLC | 6,770.89 |
| EZ/HS LLC | 8,073,114.63 |
| Flamingo 26, LLC | 2,237,081.47 |
| Flamingo Chaetau 2 - Simon Shak | 1,479,957.94 |
| Flamingo Chateau / WFS 22706 | 73,370.67 |
| Fontana | 1,589,691.50 |
| Foothill Corporate Plaza | 3,667,908.32 |
| Fresart, LLC | 95.00 |
| Fresman-Capital-US MALL | 918,506.45 |
| Frontieri, Robert | 151,810.44 |
| Galloway Capital LLC | 346,413.00 |
| Giles, Alpha C. | 6,660.00 |
| Golshan, Joseph | 130,000.00 |
| Harounian, John | 36,466.68 |
| Harrisburg-Koval 21 LLC | 3,892,017.50 |
| Hotel Angelino -Cal 8 Investors | 1,728,212.50 |
| Illulian, Rabi | 13,438.57 |
| Innoprize XVII, LLC-20415 Satic | 380.25 |
| Innoprize XX LLC-1331 Albany | 192,055.68 |
| Innoprize XXIV-20306 Cohasset | 500,102.91 |
| Innoprize XXV LLC -2516 Kent St | 366,464.51 |
| International Villas - B.Yashme | 13,111,790.33 |
| Investment Commercial | 1,364,030.00 |
| Jorad Ltd. | 559,603.39 |
| Josephine Properties | 1,092,525.29 |
| Kasgo LLC-DBA Pasta Roma | 50,000.00 |
| Kashfian, Simon | 70,030.00 |
| Kavian, Mozafar & Carmel | 6,500.00 |
| KEILA Properties | 4,038.95 |
| Kevin Armstrong/ Allan Martia | 100,000.00 |
| Kohan, Raymond | 60,030.00 |
| Kohan, Richard S. | 202,560.00 |
| Kohan, Theodore | 1,918,863.89 |
| Kohnam 26 LLC | 3,643,347.48 |
| Koshki, Massoud | 1,000,000.00 |
| La Cienega - Maram Holdings | 87,000.00 |
| LA Hotel Venture, LLC | 17,251,853.52 |
| La Pico LLC | 494,802.01 |
| Lancam Properties, LLC | 8,891,634.38 |
| Landmark Equity Group LLC | 5,220.00 |
| Laurel 18 LLC | 152,435.20 |
| Lavi, Edmond | 197,850.00 |
| Lavi, Madeline | 120,684.43 |
| Lavi, Nasser | 73,780.00 |
| Lavi, Parviz | 1,110,645.00 |
| M.V. 14 LLC | 1,058,166.80 |
| Magdiel-Banam LLC | 629,502.88 |
| Marriott-Renovation Account | 622,500.00 |
| Martia, Allan | 20,000.00 |
| Maya 7, LLC | 4,737.42 |
| McBride, Mike | 170,000.00 |
| Mission Bell East | 450,000.00 |
| Mission Real Associates | 27,200.00 |
| Mission Real Manager LLC | 1,658.33 |
| Montana 18 LLC-San Vicente | 14,300.78 |
| Namari | 11,316.50 |
| Namari-John Safi | 138,711.25 |
| Namco 5 Ltd | 5,723,248.42 |
| Namco 8 LLC | 10,467,843.42 |

The financial information available to the Debtor with respect to each of the entities listed herein,
including assets and liabilities, has been provided to the Creditors' Committee and is the subject
of ongoing review by the Debtor's CRO and staff.

Draft for Discussion Purposes Only - Not Audited

**NAMCO CAPITAL GROUP, INC.**    **Case No. 2:08-32333-BR**
Schedule B - Question 16 Accounts Receivables
Attachment B-16

**Accounts Receivables**

| | |
|---|---:|
| Namco Insurance Services | 32,500.00 |
| Namvar, Benjamin* | 52,269,242.10 |
| Namvar, Daniel* | 51,198,184.98 |
| Namvar, Ezri -EZ/HS | 2,500,000.00 |
| Namvar, Guity | 40,000.00 |
| Namvar, Malka* | 51,206,577.96 |
| Namvar, Mousa - Magdiel-Privee | 180,005.40 |
| Namvar, Mousa - Mission Bell West | 657,000.00 |
| Namvar, Mousa - New Leg LLC | 7,261.02 |
| Namvar, Mousa - SPB | 3,994,952.25 |
| Namvar, Mousa - Wilfar | 563,444.75 |
| Namvar, Shirah* | 51,243,146.99 |
| Namvar,Ezri | 32,112,912.12 |
| Namwest T L-Club Rio - Woodman | 3,186,850.02 |
| New Life Holdings LLC | 64,220.06 |
| Nikbakht, Farshad | 32,500.00 |
| NS Partners New Jersey, LLC | 261,762.73 |
| Olympic 20 LLC | 53,517.32 |
| Olympic 20 Switzerland | 50,977.50 |
| Olympic 20-Cherokee | 1,400.00 |
| Panamo LLC | 6,542,668.32 |
| Park View Plaza Deed of Trust | 5,525,000.00 |
| Park View Plaza Real Estate LLC | 1,679,470.00 |
| Parox-Venice | 1,958,513.67 |
| Pentaco Management (Galaway) | 905,000.00 |
| Persistence Capital LLC | 7,849,871.74 |
| Personal Involvement, LLC | 746.00 |
| Pico 26 LLC | 149,368.19 |
| Pico Red Feather | 3,773,352.70 |
| Picola 8 LLC | 1,586.52 |
| Pine Park Apartments | 1,262,468.89 |
| Playa | 182,500.00 |
| Playa Property | 148,390.00 |
| Polos South, LLC - Rivertree | 6,465,390.65 |
| Rechnitz, Robert | 101,030.00 |
| Reed, Kent advances | 362,000.00 |
| RPM Amona | 650,000.00 |
| San Jacinto Retail Center, LLC | 462,425.91 |
| San Vicente Property | 40,000.00 |
| SC Donner Pass, LLC | 1,419,036.33 |
| SC El Centro, LLC | 2,729,880.20 |
| SC Fallon, LLC | 130,403.16 |
| SC Glenwood | 52,481.54 |
| SC Hawk's Nest | 81,286.21 |
| SC Karcher | 1,911,181.80 |
| SC Napavine | 80,932.23 |
| SC Springfield LLC | 2,749,463.99 |
| Secret Beach Estates, LLC | 1,204,085.57 |
| Seven Mills | 1,658,081.14 |
| Shadi, Helen | 767,933.36 |
| Shakib, Simon | 2,005,150.00 |
| Shakib, Simon - Gallary | 50,717.42 |
| Shooshani, Omid | 975,000.00 |
| Sierra Coast Development LLC | 229,922.54 |

* Namco funds were loaned to the Namvar children for the sole purpose of investing such funds in various
related entities, such as Beshmada LLC, in the childrens' names and for their benefit. No funds were actually
received by the children

The financial information available to the Debtor with respect to each of the entities listed herein,
including assets and liabilities, has been provided to the Creditors' Committee and is the subject
of ongoing review by the Debtor's CRO and staff.

Draft for Discussion Purposes Only - Not Audited

**NAMCO CAPITAL GROUP, INC.**      **Case No. 2:08-32333-BR**
Schedule B - Question 16 Accounts Receivables
Attachment B-16

**Accounts Receivables**

| | |
|---|---:|
| Sierra Coast Management LLC | 431,723.27 |
| Signal Butte Rd | 185,545.00 |
| Starpoint Properties LLC | 500,000.00 |
| Sunset 8 Delaware SPE LLC | 3,758.72 |
| Sunset 8 SPE Manager LLC | 6,577.70 |
| Sunset Springs – Property | 3,107,413.03 |
| Sunset Springs-10705 Rose Ave L | 13,955.00 |
| Toyram | 3,452.57 |
| Tranmar Properties, LLC | 25,000.00 |
| Tranrich LLC | 683,929.29 |
| Transpool #1, LLC | 421.00 |
| Transpool #2, LLC | 621.00 |
| Tribun | 75,305.81 |
| Tri-City Associates LLC | 6,291,000.00 |
| Tricommerce-SC Springfield | 413,583.31 |
| Trifish_SPB | 1,463,908.78 |
| Trifish-Banam LLC | 590,000.00 |
| Trisister LLC | 4,070,111.43 |
| Trisisters | 755,272.33 |
| Union S. Carolina | 496,012.58 |
| Victorville Tefft, LLC | 9,175,631.83 |
| Victory Blvd LLC (16045) | 2,000,030.00 |
| Waded LLC | 1,238,473.10 |
| Wall Street | 12,634,203.52 |
| Westland-Hualapi & Ft Apache | 7,406,295.83 |
| Westland-Hwy 215 & Russell | 1,704,150.13 |
| Westland-Koval LN 6, LLC | 114,082.74 |
| Westland-Russel & Ft Appache(2) | 1,755,038.55 |
| Westland-Russell & Ft Apache(1) | 2,160,801.43 |
| Westland-Russell & Grand Canyon | 1,967,118.84 |
| Westland-Sunset& Apache | 1,180,030.00 |
| Whittier 26 LLC | 713,674.76 |
| Wilfar - Beshmada | 25,000.00 |
| Wilfar LLC (Direct) | 471,545.75 |
| Wilshire Ardmore | 100,030.00 |
| Wilshire Bundy | 400.00 |
| Wilshlab 90 - (Direct) | 438,202.19 |
| Windmill Market, LLC | 1,287,131.80 |
| Wishlab 90/780 LaBrea | 1,304,640.00 |
| Wn Birdview | 475,000.00 |
| WN Cliffside LLC | 861,404.44 |
| WN Indio LLC-Weintraub | 4,960,090.00 |
| WN Sunset,  LLC | 340,030.00 |
| WVCH Acquisition | 997,345.87 |
| Yashmeh-1810 Jackson St Dallas | 250,000.00 |
| Yashmeh-1914 Commerce St | 750,000.00 |
| Yegaegi LLC | 5,000.00 |
| Zarabi, Khosrow-San Antonio | 280,000.00 |
| **Subtotal Accounts Receivable** | **603,359,744.35** |

**Other Accounts Receivable**

| | |
|---|---:|
| Interest Receivable | 52,644,836.35 |
| **Subtotal Other Accounts Receivable** | **52,644,836.35** |
| | |
| **Total Accounts Receivable** | **656,004,580.70** |

Note:  All amounts obtained from Namco Capital Group, Inc. Quickbooks. The Debtor has not yet verified source
documentation to verify the accuracy of these amounts.

The financial information available to the Debtor with respect to each of the entities listed herein,
including assets and liabilities, has been provided to the Creditors' Committee and is the subject
of ongoing review by the Debtor's CRO and staff.

Form B6D - (12/07)                                                                    2007 USBC, Central District of California

In re

NAMCO CAPITAL GROUP, INC.                                                   Case No.:

                                                                            Debtor.    2:08-32333-BR    (If known)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND A ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.<br><br>Fereshteh Kohanim<br>11710 Barrington Court<br>Los Angeles, CA 90049 | | | Date incurred: 11/29/05 & 4/18/06<br>Date of security: Unknown 10/03/08)<br><br>Assignment of 20% of 2nd DOT in favor of Namco Financial, Inc. for $2M on 1929 Pico Blvd. property<br><br>Value $ 4,500,000 | | | | $ 310,000 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>M.M.P. Family Trust<br>130 N. Carmelina St.<br>Los Angeles, CA 90049 | | | Date incurred: Unknown<br>Date of security: Unknown<br><br>Assignment of 50% of 1st DOT in favor of Namco Financial, Inc. for $1.65M on 1929 Pico Blvd. property<br><br>Value $ 4,500,000 | | | | $ 800,000 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>Mehrdad Naim<br>1849 S. Bentley Ave. # 201<br>Los Angeles, CA 90025 | | | Date incurred: Unknown<br>Date of security: Unknown<br><br>Assignment of 12% of 1st DOT in favor of Namco Financial, Inc. for $1.65M on 1929 Pico Blvd. property<br><br>Value $ 4,500,000 | | | | $ 133,000 | $ 0 |

1 Continuation Sheets attached

Subtotal (Total of this page) ➤   $ 1,243,000   $ 0

Total (Use only last page) ➤   $ -   -

(Report total also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6D - (12/07)                                                          2007 USBC, Central District of California

In re

NAMCO CAPITAL GROUP, INC.                  Case No.:
                                           Debtor.    2:08-32333-BR      (If known)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.<br><br>Soleiman Naim<br>403 21st Street<br>Santa Monica, CA 90402 | X | | Date incurred: 10/25/06 & 6/30/08<br>Date of security: 6/26/08<br>Assignment of 80% of 2nd DOT in favor of Namco Financial, Inc. for $2M on 1929 Pico Blvd. property<br>Value $ 4,500,000 | | | | $ 1,400,000 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>Physicians Reciprocal Insurers<br>555 East Lancaster Ave. # 500<br>Radnor, PA 19087 | X | | Date incurred: Feb 2006<br>Date of security: Feb 2006<br>First DOT on 9920 La Cienega property<br>Value $ 18,000,000 | | | X | $ 15,000,000 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>Nahal Pirian<br>130 N. Carmelina St.<br>Los Angeles, CA 90049 | X | | Date incurred: Unknown<br>Date of security: 10/20/08<br>Assignment of 6.5% of 1st DOT in favor of Namco Financial, Inc. for $1.65M on 1929 Pico Blvd. property<br>Value $ 4,500,000 | | | | $ 41,150 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>Maryam and Manoucher Pirian<br>130 N. Carmelina St.<br>Los Angeles, CA 90049 | X | | Date incurred: Unknown<br>Date of security: Unknown<br>Assignment of 31% of 1st DOT in favor of Namco Financial, Inc. for $1.65M on 1929 Pico Blvd. property<br>Value $ 4,500,000 | | | | $ 500,000 | $ 0 |
| Last four digits of ACCOUNT NO.<br><br>Farhad Yazdinian<br>11950 San Vicente Blvd.<br>Los Angeles, CA 90049 | X | | Date incurred: 01/06 - 06/08<br>Date of security: 7/15/08<br>2nd DOT on 9920 La Cienega property<br>Value $ 18,000,000 | | | | $ 2,127,000 | $ 0 |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal(s) (Total(s) of this page) ➤  $ 19,068,150   $ 0

Total(s) (Use only last page) ➤  $ 20,311,150   $ 0

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6E - (Rev. 12/07)                                                                                      2007 USBC, Central District of California

In re
    NAMCO CAPITAL GROUP, INC.

Case No.:
    2:08-32333-BR

Debtor.                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**: Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

■ **Extensions of credit in an involuntary case**: Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**: Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**: Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**: Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**: Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

Form B6E - (Rev. 12/07)                                                      2007 USBC, Central District of California

In re                                        Case No.:
     NAMCO CAPITAL GROUP, INC.                              2:08-32333-BR
                                        Debtor.                            (If known)

■ **Taxes and Certain Other Debts Owed to Governmental Units**: Taxes, customs duties, and penalties owing to federal, state, and
    local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**: Claims based on commitments to the FDIC, RTC,
    Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their
    predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**: Claims for death or personal injury resulting from the operation
    of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

   *Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the
date of adjustment.

                                    1
                         _____ Continuation Sheets attached

Form B6E - (Rev. 12/07)

| In re<br>    NAMCO CAPITAL GROUP, INC.<br><br>                                                Debtor. | Case No.:<br>    2:08-32333-BR<br>                                                (If known) |
|---|---|

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

11 U.S.C. 507(a)(3); 11 U.S.C. 507(a)(4); 11 U.S.C. 507(a)(8)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of Account No.  1860<br><br>City of Los Angeles Office of Finance<br>Citywide Collection Section<br>P.O. Box 51108<br>Los Angeles, CA 90051-5408 | | | Business Tax - 11 U.S.C. 507(a)(8)<br><br>Tax years 2004 - 2006<br><br>Includes interest and penalties | X | X | | $ 442,818 | To be determined | To be determined |
| Last four digits of Account No.<br><br>Ezri Namvar<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | | | Unpaid wages - 11 U.S.C. 507(a)(4)<br><br>Aug. 31, 2008 - Dec. 22, 2008 | | | | $ 126,000 | $ 10,950 | $ 115,050 |
| Last four digits of Account No.<br><br>Ezri Namvar<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | | | Unpaid wages during gap period - 11 U.S.C. 507(a)(3)<br><br>Dec. 23, 2008 - Jan. 28, 2009 | | | | $ 37,000 | $ 37,000 | $ 0 |
| Last four digits of Account No.<br><br>Imperial Party Rentals | | | Ordinary course business expenses during gap period - 11 U.S.C. 507(a)(3)<br><br>Corporate meeting at Debtor's office<br>Jan. 2009 | | | | $ 1,300 | $ 1,300 | |
| Last four digits of Account No.<br><br> | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ➤ (Totals of this page)  | $ 607,118 | $ TBD | TBD

Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)  | $ 607,118 | | 

Totals ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)  | | $ TBD | $ TBD

Form B6G - (12/07)                                                              2007 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| NAMCO CAPITAL GROUP, INC. | Debtor. | 2:08-32333-BR | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Mercedes-Benz Financial<br>P.O. Box 9001680<br>Louisville, KY 40290-1680 | Lease dated Jan. 15, 2007<br>2007 Mercedes-Benz S550V |
| Pentaco Management, Inc.<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Oral management/sharing agreement regarding office facilities and overhead expenses<br><br>Former oral contract regarding payroll services - terminated 2/15/09 |
| Loomis Fargo | Lease of non-residential real property<br>1929 Pico Blvd.<br>Los Angeles, CA 90006<br><br>Debtor is lessor |
| Afshin Hakim<br>General Counsel<br>12121 Wilshire Blvd., Ste 1400<br>Los Angeles, CA 90025 | Employment Contract dated 4/26/06<br>Effective date: 5/15/06<br>Term: 3 years<br>Termination date: 5/15/09 |

Form B6H - (12/07)                                                                              2007 USBC, Central District of California

In re
    NAMCO CAPITAL GROUP, INC.                                        Case No.:    2:08-32333-BR
                                                                Debtor.    (If known)

# SCHEDULE H - CODEBTORS

        Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any
debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a
community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto
Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the
name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state,
commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the
commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's
parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.
R. Bankr. P. 1007(m).


        ☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Ezri Namvar<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | See Attachment H-1 |
| Arnel Investors, Inc.<br>11300 Olympic Ave. # 830<br>Los Angeles, CA 90064 | Physicians Reciprocal Insurers<br>555 East Lancaster Ave. # 500<br>Radnor, PA 19087 |
| Arlington 360 Associates L.P.<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Hersel Babajooni<br>P.O. Box 491335<br>Los Angeles, CA 90049 |
| Bruton Buckner Associates L.P.<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Hersel Babajooni<br>P.O. Box 491335<br>Los Angeles, CA 90049 |
| Dimes, LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | SMB Corporation, 10638 Culver Blvd., Culver City, CA 90232<br><br>David Selki, 3029 Corda Dr., Los Angeles, CA 90049 |
| Enpalm, LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Behnam Soroudi Retirement<br>P.O. Box 17119<br>Beverly Hills, CA 90209 |
| Hino 8, LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Farahnaz Rabiezadeh<br>1250 S. Beverly Glen Blvd. # 2<br>Los Angeles, CA 90024 |
| Jorad Ltd.<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Jacob Rahmanizad, 8900 Burton Way # 304, Beverly Hills, CA 90211<br><br>Melody Torbati, 3318 Dona Marie Dr., Studio City, CA 91604 |
| Pico 26, LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | Behnam Soroudi Retirement<br>P.O. Box 17119<br>Beverly Hills, CA 90209 |
| Tranmar Properties, LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | David Selki, 3029 Corda Dr., Los Angeles, CA 90049<br>David Taban, 888 S. Figueroa St. # 1900, Los Angeles, CA 90017<br>Victoria Aka, 11666 Mayfield Ave. # 301, Los Angeles, CA 90049<br>Ezra Denis, 463 S. Bundy Dr., Los Angeles, CA 90049 |
| Wilfar LLC<br>12121 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025 | M & S Partnership<br>2953 Dona Susana<br>Studio City, CA 91604 |

# ATTACHMENT H-1
### Ezri Namvar as Co-Debtor

| NAME OF CREDITOR | ADDRESS OF CREDITOR |
|---|---|
| 1826 Nikoo | P.O. Box  260104, Encino, CA 91426 |
| 5140 Pacific Blvd. LLC | 16109 Dickens St , Encino, CA 91436 |
| Abdi, Naser | 11711 Ohio Ave. # 311, Los Angeles, CA 90025 |
| Afra, Farid | P.O. Box 18432, Beverly Hills, CA 90209 |
| Alyeshmerni, Siona | 10724 Wilshire Blvd. # , Los Angeles, CA 90024 |
| Alhashim, Parisa | 10450 Wilshire Blvd. # 4F, Los Angeles, CA 90024 |
| Anavim, Said | 317 N. Palm Dr. # 2A, Beverly Hills, CA 90210 |
| Arshadnia, Eshmail | 11983 Mayfield Ave., Los Angeles, CA 90049 |
| Arshadnia, Shervin | 11983 Mayfield Ave., Los Angeles, CA 90049 |
| Asheghian, Marc | 3430 Alana Dr., Sherman Oaks, CA 91403 |
| Ashland Properties | 11022 Santa Monica Blvd #280 Los Angeles CA 90025 |
| Ashourpour, Moiz | 240 S. Crescent Dr., Beverly Hills, CA 90212 |
| Assil, Abraham | 1000 S. Westgate Ave. # 10, Los Angeles, CA 90049 |
| Azadegan, Soleiman | 10660 Wilshire Blvd. # 804, Los Angeles, CA 90024 |
| Baharvar, Jamshid | 2001 Santa Monica Blvd. # 690, Santa Monica, CA 90404 |
| Benji, Kamran | 506 Gretna Green Way, Los Angeles, CA 90049 |
| Berookhim, Barookh | 201 Ocean Ave. # 704-P, Santa Monica, CA 90402 |
| Bostani, Payam | 849 Shenandoah # 305, Los Angeles, CA 90035 |
| Boucherian, Roya | 17881 Puerto Vallarta, Encino, CA 91316 |
| Broukhim, Bejan | 700 S. Flower St., Ste. 2400, Los Angeles, CA 90014 |
| Broumand, Houshang | 2143 Mandeville Canyon, Los Angeles, CA 90049 |
| Canyon Shopping Center LLC | 9301 Wilshire Blvd., #315, Beverly Hills, CA 90210 |
| Cohanim, Eliaho | 4609 Dunman Ave., Woodland Hills, CA 91367 |
| Cohen, Jacob | 123 Groverton Place, Los Angeles, CA 90077 |
| Cohen, Saeed | P.O. Box 7525, Beverly Hills, CA 90212 |
| Cowen, Nancy | 1515 Abbot Kinney Blvd. # 200, Venice, CA 90291 |
| Crenshaw Medical | P.O. Box 491464, Los Angeles, CA 90049 |
| Davidian, Joseph | 3 Vicente Terrace, # 308, Santa Monica, CA 90401 |
| Davoodian, David | 10537 Santa Monica Blvd. # 200, Los Angeles, CA 90025 |
| Denis, Ezra | 463 S. Bundy Dr., Los Angeles, CA 90049 |
| Efraim, Azita | c/o Benjamin Efraim, 1323 Lincoln Blvd., Ste. 200, Santa Monica, CA 90401-1705 |
| Efraim, Esther | c/o Benjamin Efraim, 1323 Lincoln Blvd., Ste. 200, Santa Monica, CA 90401-1705 |
| Efraim, Feizollah | c/o Benjamin Efraim, 1323 Lincoln Blvd., Ste. 200, Santa Monica, CA 90401-1705 |
| Emrani, Mitra | 1832 Brockton Ave., Los Angeles, CA 90025 |
| Farhadian, Iraj | 20419 Lemarsh St. Chatsworth, CA 91311 |
| Fatorechi, Mahmoud | 10445 Wilshire Blvd. # 1102, Los Angeles, CA 90024 |
| Gardner Family | 510 N. Crescent Dr., Beverly Hills, CA 90210 |
| Ghadir, Joseph | 3001 Beverly Glen Cir., Bel- Air, CA 90077 |
| Ghadir, Parvin | 3001 Beverly Glen Cir., Bel- Air, CA 90077 |
| Gharibian, Kamran | 1110 Shadow Hillway, Beverly Hills, CA 90210 |
| Ghodsian, Minoo | 651 S. Beverly Glen Blvd., Los Angeles, CA 90024 |
| Haeim, Parviz | 701 N. Rodeo Dr., Beverly Hills, CA 90210 |

# ATTACHMENT H-1
## Ezri Namvar as Co-Debtor

| NAME OF CREDITOR | ADDRESS OF CREDITOR |
|---|---|
| Haghnazarzadeh, David | 18210 Hatteras St., Tarzana, CA 91356 |
| Haiem, Carsten | 701 N. Rodeo Dr., Beverly Hills, CA 90210 |
| Hakakian, Babak | 181 Madison Ave., New York, NY 10016 |
| Hakakian, Daniel | 181 Madison Ave., New York, NY 10016 |
| Hakakian, Nader | 181 Madison Ave., New York, NY 10016 |
| Hakakian, Siamak | 181 Madison Ave., New York, NY 10016 |
| Hanasab, Haroon | 1073 Linda Flora Dr., Los Angeles, CA 90049 |
| Harounian, George | 9152 Alden Dr. # 1, Beverly Hills, CA 90210 |
| Hekmat Niaz, Saeed | 16501 Ventura Blvd. # 305, Encino, CA 91436 |
| Hekmatravan, Mehrnaz | 130 N. Swall, Beverly Hills, CA 90211 |
| Homayounjam, Morteza | 10535 Wilshire Blvd. # 807, Los Angeles, CA 90024 |
| Issakharian, Mansour | 10790 Wilshire Blvd. # 1102, Los Angeles, CA 90024 |
| Kalimi, Farokhlaga/Mousa | 6329 Warner Dr., Los Angeles, CA 90048 |
| Kermani, Ebrahim | 1620 S. Los Angeles St. # C, Los Angeles, CA 90015 |
| Keywanfar, Shahrokh | 15531 Hamner Dr., Los Angeles, CA 90077 |
| Khoubian, Ifra | 10450 Wilshire Blvd. # , Los Angeles, CA 90024 |
| Kohanof, Ruben | 4233 Louise St., Encino, CA 91316 |
| Krakov, Nadine | 191 S. Beverly Dr., Beverly Hills, CA 90212 |
| LA Top Convenient Stores | 441 S. Los Angeles St., Los Angeles, CA 90013 |
| Leoni Family | 5544 Collingwood Circle, Calabasas, CA 91367 |
| M & S Partnership | 2953 Dona Susana., Studio City, CA 91604 |
| M & Y Management | 606 S. Olive St., # 600, Los Angeles, CA 90014 |
| MAGD Enterprises | P.O. Box 2964, Beverly Hills, CA 90213 |
| Massachi, Faramarz | 18338 Charlton Ln., Northridge, CA 91326 |
| Massachi, Farr | 16830 Nannette St., Granada Hills, CA 91344 |
| Melamed, Ruben | 4801 W. Jefferson Blvd., Los Angeles, CA 90016 |
| Messian, Shadi | 122 N. Anita Dr., Los Angeles, CA 90049 |
| Miles, Fariba | 248 S. Rexford Dr. #2, Beverly Hills, CA 90212 |
| Mirharooni, Pari | 12408 Sunset Blvd. Los Angeles, CA 90049 |
| Mirzaie, Anthony | 2601 Venture Dr., Norman, OK 73069 |
| Mobasser, Anthony | 9201 Sunset Blvd # 618, Los Angeles, CA 90069 |
| Moosiki, Iran | 148 N. Kenter Ave., Los Angeles, CA 90049 |
| Morad, Radfar | 1917 Manning Ave. # 4, Los Angeles, CA 90025 |
| Morteza, Farzadmehr | 609 N. Camden Dr., Beverly Hills, CA 90210 |
| Motamed, Shahla | 264 S. Weatherly Dr., Beverly Hills, CA 90211 |
| Nahai, Angela | 2886 Deep Canyon, Beverly Hills, CA 90210 |
| Nahai, Enayat | 10560 Wilshire Blvd. # 2101, Los Angeles, CA 90024 |
| Naim, Soleman | 403 21st St., Santa Monica, CA 90402 |
| Nazarian, Nahid | 1340 Carla Lane, Beverly Hills, CA 90210 |
| Nazarian, Odette | P.O. Box 958, El Segundo, CA 90245 |
| Novahian, Rita | 10583 Eastborne Ave., Los Angeles, CA 90024 |
| Omrani, Soheila | 4924 Enfield Ave., Encino, CA 91316 |
| Pakravan, Farzad | 2529 Chamber St., Vernon, CA 90058 |
| Paris, Charles | 1515 Abbot Kinney Boulevard #200 Venice, CA 90291 |
| Paris, David | 1515 Abbot Kinney Blvd. # 200, Venice, CA 90291 |
| Paris, Rachel | 1515 Abbot Kinney Boulevard #200 Venice, CA 90291 |

## ATTACHMENT H-1
### Ezri Namvar as Co-Debtor

| NAME OF CREDITOR | ADDRESS OF CREDITOR |
|---|---|
| Paris, Robert | 1515 Abbot Kinney Boulevard #200 Venice, CA 90291 |
| Park General Inc. | 14542 Yale Court, Los Angeles, CA 94022 |
| PES Family | 2132 Century Pl. # Los Angeles, CA 90067 |
| Pirian, Joseph | 130 N. Carmelina St., Los Angeles, CA 90049 |
| Pirian, Maryam | 130 N. Carmelina St., Los Angeles, CA 90049 |
| Pirian, Nahal | 130 N. Carmelina St., Los Angeles, CA 90049 |
| Rabeie, Sheri | 1624 Hills Ave. # 2, Los Angeles, CA 90024 |
| Rabiezadeh, Farahnaz | 1250 S. Beverly Glen Blvd. # 2, Los Angeles, CA 90024 |
| Radiant Services | 651 W. Knox St., Gardena, CA 90248 |
| Radnia, Bijan | 20320 Avalon Blvd., Carson, CA 90746 |
| Rahmanizad, Jacob | 8900 Burton Way # 304, Beverly Hills, CA 90211 |
| Rassol, LLC | 1005 Schuyler Rd., Beverly Hills, CA 90210 |
| Razi, Jacob | 9836 National Blvd., Los Angeles, CA 90034 |
| Razi, Omid | 9836 National Blvd., Los Angeles, CA 90034 |
| Robhana Inc | 606 S. Olive St., # 600, Los Angeles, CA 90014 |
| Rug Warehouse | 3270 Helms Ave., Los Angeles, CA 90034 |
| Saadat, Lida | 10660 Wilshire Blvd. # 703, Los Angeles, CA 90024 |
| Safco Holdings | 1850 S. Sepulveda Blvd. # 200, Los Angeles, CA 90025 |
| Saghian, Carolin | P.O. Box 7143, Beverly Hills, CA 90212 |
| Sanoor Inc. | 441 S. Los Angeles St., Los Angeles, CA 90013 |
| Satrap, Abbas | 3908 Castlerock Rd., Malibu, CA 90265 |
| Sawtelle Properties | c/o Jay Investments, 11022 Santa Monica Blvd. # 280, Santa Monica, CA 90025 |
| Schaefer Financial | 14250 Ventura Blvd. 2nd Floor, Sherman Oaks, CA 91423 |
| Selki, David | 3029 Corda Dr., Los Angeles, CA 90049 |
| Separzadeh, Elizabeth | 4170 Fair Ave. PH6, Studio City, CA 91602 |
| Separzadeh, John | 4126 Green Meadow Ctr., Encino, CA 91316 |
| Separzadeh, Mayer | 807 E. 12th St. # 401, Los Angeles, CA 90021 |
| Separzadeh, Monica | 4291 Bandini Blvd., Los Angeles, CA 90023 |
| Separzadeh, Raphael | 4291 Bandini Blvd., Los Angeles, CA 90023 |
| Separzadeh, Shokrolah | 5545 Aura Ave., Tarzana, CA 91356 |
| Shabatian, Haron | 5879 W. Pico Blvd., Los Angeles, CA 90019 |
| Shakib, Sohrab | 16861 Ventura Blvd.# 303, Encino, CA 91436 |
| Shaw Blackstone | 8900 W. Olympic Blvd., Beverly Hills, CA 90211 |
| Sisko Enterprises | 32 Evans Dr., Glen Head, NY 11545 |
| SMB Corporation | 10638 Culver Blvd., Culver City, CA 90232 |
| Soleimani, Darioush | 911 N. Rexford Dr., Beverly Hills, CA 90210 |
| Soleimanzadeh, Manijeh | 2750 W. Appalachian Court, Westlake Village, CA 91362 |
| SRF INVESTMENTS | 5526 S. Soto , Vernon, CA 90058 |
| Taban, David | 888 S. Figueroa St. # 1900, Los Angeles, CA 90017 |
| The Abulafia Trust | 315 S. Beverly Dr., Beverly Hills, CA 90212 |
| The Jacob & Soraya Separzadeh Trust | 4291 Bandini Blvd., Los Angeles, CA 90023 |
| The Jacob Shabtai | 4291 Bandini Blvd., Los Angeles, CA 90023 |
| The Nagel | 6222 Wilshire Blvd. #, Los Angeles, CA 90048 |
| The Sunset Trust | P.O. Box 5, Tarzana, CA 91357 |
| Torbati, Melody | 3318 Dona Marie Dr., Studio City, CA 91604 |

## ATTACHMENT H-1
### Ezri Namvar as Co-Debtor

| NAME OF CREDITOR | ADDRESS OF CREDITOR |
|---|---|
| Trust B Banafsheh | 10433 Wilshire, Los Angeles, CA 90024 |
| Vajdi, Ladan | 24986 Normans Way, Calabasas, CA 91302 |
| Varastehpour, Ali | P.O. Box 491381, Los Angeles, CA 90049 |
| Varastehpour, Khalil | 247 Medio Dr., Los Angeles, CA 90049 |
| Wall Street | 5850 Canoga Ave. # 650, Woodland Hills, CA 91367 |
| Wishlab 90 LLC, RPM | 12121 Wilshire Blvd., #1400 Los Angeles, CA 90025 |
| Yaghoubzadeh, Mansour | 1101 Hillcrest Rd., Beverly Hills, CA 90210 |
| Yamin Family | 640 Clinton Place, Beverly Hills, CA 90210 |
| Yazdinian, Farhad | 11950 San Vicente Blvd., Los Angeles, CA 90049 |
| York, David | 11611 San Vicente Blvd. # 520, Los Angeles, CA 90049 |
| Zarabi, David | 523 N. Rodeo Dr., Beverly Hills, CA 90210 |
| Zarabian, Elham | 137 S. Palm # 401, Beverly Hills, CA 90211 |
| Zarrin, Greg | 10680 Pico Blvd. # 330, Los Angeles, CA 90064 |

Form B6 - Declaration (Rev. 12/07)                                                      2007 USBC, Central District of California

In re
    NAMCO CAPITAL GROUP, INC.                                    Case No.:
                                                Debtor.  (If known)    2:08-32333-BR

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date _____          Signature: _____
                                                   Debtor


Date _____          Signature: _____
                                                   (Joint Debtor, if any)
                                                   [If joint case, both spouses must sign.]

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No.
                                                   (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.


_____

_____

Address

X _____          _____
    Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the   Chief Restructuring Officer  _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the   corporation  _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____114_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.          (Total shown on summary page plus 1.)


Date   March 15, 2009  _____          Signature: _____
                                                   Howard Grobstein
                                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)                    1998 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.:  2:08-32333-BR |
|---|---|
| NAMCO CAPITAL GROUP, INC.  Debtor. | **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   See Engagement Letter - Attachment B203-1

   Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 325,000*

   Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0

2. The source of the compensation paid to me was:

   ■ Debtor          ❑ Other *(specify)*

3. The source of compensation to be paid to me is:

   ■ Debtor          ❑ Other *(specify)*

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ❑ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. See Engagement Letter - Attachment B203-1

* Prior to the Petition Date, PWK received retainer payments totaling $75,000. Between the Petition Date and the date of entry of the Order for Relief, PWK received retainer payments totaling $250,000, of which approximately $42,705 remained on deposit for fees and costs incurred for services rendered after the date of entry of the Order for Relief.

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor (1/88)            1998 USBC, Central District of California

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services

<div style="border:1px solid black; padding:1em;">

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

March 15, 2009                                        /s/ Monsi Morales
_____                    _____
*Date*                                                           *Signature of Attorney*


                                                                 Peitzman, Weg & Kempinsky LLP
                                                                 _____
                                                                 *Name of Law Firm*

</div>

## ATTACHMENT B203-1



PEITZMAN
WEG &
KEMPINSKY LLP

10100 Santa Monica Boulevard
Suite 1450
Los Angeles, California 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Howard J. Weg
Direct dial: (310) 712-0088
e-mail: hweg@pwkllp.com

January 19, 2009

Namco Capital Group, Inc.
Attn: Mr. Ezri Namvar
President
12121 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025

Mr. Ezri Namvar
c/o Namco Capital Group, Inc.
12121 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025

     Re:    Retention of Peitzman, Weg & Kempinsky LLP

Dear Ezri:

     1. Introduction. Involuntary petitions under chapter 11 of the Bankruptcy Code have been filed against both Namco Capital Corp., Inc. ("Namco") and Ezri Namvar ("Namvar"), individually. Each of Namco and Namvar (collectively, the "Clients") has determined to consent to an order for relief in their respective involuntary chapter 11 cases on January 16, 2008 (the "Consent Date") and will seek to serve as debtors in possession in the respective cases. This will confirm that each of the Clients has retained Peitzman Weg & Kempinsky LLP ("PWK") to serve as bankruptcy counsel to advise and represent each Client as a chapter 11 debtor and debtor in possession. This letter will confirm the terms of PWK's representation of the Clients in their respective chapter 11 cases. Although PWK may render legal services to the Clients prior to receiving a signed copy of this letter and the retainer described in paragraph 2 below, PWK will not be obligated to do so until those conditions are satisfied.

     2. General Scope of the Representation. Subject to paragraph 2 below, and the approval of the Bankruptcy Court, each of the Clients retains PWK to serve as the attorneys to be employed under section 327(a) of the Bankruptcy Code in the Clients' respective chapter 11 cases. PWK's services will include advising the Clients with respect to the following: responding to the involuntary petitions, preparing the schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists

Namco Capital Corp., Inc.
Ezri Namvar
January 15, 2009
Page 2

of creditors and equity security holders, statement of executory contracts and unexpired leases, and master mailing list; where appropriate, the sale of assets and the assumption, assignment, or rejection of executory contracts; the use of cash collateral, if any; obtaining credit on a secured or unsecured basis; reviewing, analyzing and, where appropriate, objecting to claims in the Bankruptcy Court; the negotiation, preparation, confirmation and implementation of a plan of reorganization; assist in the preparation of a disclosure statement; appearances at the section 341(a) meeting of creditors; representation of the Clients at hearings in the Bankruptcy Court concerning Namco or the chapter 11 case; representation of the Clients in litigation in the Bankruptcy Court, limited to bankruptcy issues; and otherwise advise the Clients regarding their rights, duties and responsibilities as debtors and debtors in possession under the Bankruptcy Code and applicable rules

PWK's services will **not** include appearances before any court, agency or arbitration panel with respect to nonbankruptcy matters or issues. With the exception of Namvar in his chapter 11 case, PWK will not represent any officer, director, shareholder or partner of Namco. In addition, PWK will not provide services or legal advice for matters or issues outside of insolvency or bankruptcy law matters or issues. Without limiting the generality of the foregoing, PWK will not provide advice or representation in the areas of taxation, labor, securities, ERISA, probate/estate planning, criminal, or other nonbankruptcy or non-debtor/creditor specialties of the law. PWK will consult only as to those aspects of the matter that are within the scope of its representation to which the Clients request that it devote attention.

It is a condition of PWK's engagement and continued employment that Namco have available competent outside counsel to provide advice on matters outside the scope of PWK's engagement. It is understood that the law firm of Baker & McKenzie will be employed as co-counsel for Namco in its chapter 11 case. In situations where there is a conflict between the Clients that prevents PWK from advising or representing both Clients with respect to an issue, it is understood that Baker & McKenzie may advise Namco and, if necessary, special counsel may be employed for Namvar. Baker & McKenzie may also provide to Namco many of the services described above (in the areas of taxation, labor, securities, ERISA, probate/estate planning, criminal, or other nonbankruptcy or non-debtor/creditor specialties of the law ) that this firm will not provide. In addition to Baker & McKenzie, it is understood that the Clients will employ, among other special counsel, Neufeld Law Corporation to provide representation with respect to litigation matters and Nick Klein to provide representation with respect to real estate matters.

To the fullest extent practicable, this firm will attempt to avoid duplication of effort with respect to work being performed by Baker & McKenzie and other special counsel employed by the Clients.

It is also understood that Crowe Horwath LLC will be retained as financial advisors and restructuring consultants to Namco and will designate Howard B. Grobstein to serve as Namco's Chief Restructuring Officer ("CRO"), subject to entry of an Order from the Bankruptcy Court approving the retention (the "CRO Order"). Each of you hereby authorizes us to confer with, advise, and take direction from Mr. Grobstein (or any other person who becomes Namco's CRO) in

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 3

accordance with the terms of the CRO Order and, prior to the entry of the CRO Order, the terms of any agreement among the Clients and an unofficial or official creditors' committee serving in connection with the chapter 11 cases.

The precise time frame in which our legal services will be provided cannot presently be determined.

3. <u>Attorneys' Fees and Expenses.</u>  PWK has represented the Clients in connection with debtor-creditors matters since September 2008.   You hereby direct us to deduct from the deposit PWK is currently holding the amount of all fees and expenses incurred prior to the filing of consents to orders for relief in the Clients' chapter 11 cases ("Pre-Consent Date Amounts").   Unless all Pre-Consent Date Amounts are paid in full, PWK is under no obligation to represent the Clients in chapter 11, unless PWK waives this condition in writing.  The Clients understand that if this condition is not satisfied or waived as set forth herein, the Clients will need to make arrangements to retain other counsel to represent it in chapter 11 and that any chapter 11 filing may be significantly delayed while the Clients attempts to locate and engage alternate counsel.

As a condition to accepting your case and PWK's being obligated to represent the Clients in their chapter 11 cases, PWK requires a retainer in the amount of funds remaining on deposit with our firm after deduction of the Pre-Consent Date Amounts (the "Retainer").  The Retainer will be applied to fees and expenses incurred after the Consent Date and during the chapter 11 cases (the "Voluntary Phase") in accordance with the Bankruptcy Code and applicable rules. The Retainer is not a fixed price for the case, and PWK reserves the right to seek additional fees and expenses beyond the Retainer in accordance with the applicable provisions of the Bankruptcy Code and applicable rules.

We will deposit the Retainer in a segregated account at City National Bank. Please let us know immediately if the Clients maintain any accounts at City National Bank and if the accounts at City National Bank plus the amount of the Retainer in our trust account for the Clients will exceed FDIC insurance limits.  If so, at the Clients' request, we will maintain the Retainer in a trust account at another bank.  The rules of the State Bar require that any interest on this segregated account be remitted to the State Bar unless certain exceptions apply.

PWK's fees and expenses in connection with the Voluntary Phase are subject to the approval of the Bankruptcy Court and may be paid on an interim basis at intervals and/or at the end of a case. We may apply all or a portion of the Retainer to the fees and expenses payable during the Voluntary Phase in accordance with the Bankruptcy Code and applicable rules.  The Bankruptcy Court may review PWK's fees and expenses based on such factors as reasonableness of the fees, the time spent and the services rendered, the necessity of the services, the results achieved, the complexities involved and other appropriate factors. We will apply the amount of the Retainer to the fees and expenses incurred the Voluntary Phase in accordance with the Bankruptcy Code and applicable rules.  The Clients hereby consent to PWK's drawing down on the Retainer to obtain payment in accordance with the Bankruptcy Code and applicable rules.  We will return any portion of the Retainer we are required to return by an order of the Bankruptcy Court or applicable law.

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 4

Subject to payment of the Retainer and receipt of a signed copy of this letter, PWK has agreed to represent each of the Clients on the terms set forth in this letter and agrees to take such steps as are reasonably advisable to achieve the Clients' objectives. The Clients' acknowledge that PWK has made no guarantee or promise regarding the results of PWK's representation, and all expressions relative thereto are PWK's opinions only, not guarantees or promises of results that will be achieved.

PWK will send its bills to the Clients on a monthly or more frequent basis. Our fees are computed and billed based on guideline hourly rates on a time-expended basis, although our fees may be adjusted upward based on factors such as the complexity of the matter, the results achieved, the risk of nonpayment and other appropriate factors. The Clients agree to pay for PWK's services at the prevailing guideline hourly rates at the time and in the amounts authorized by the Bankruptcy Code, applicable rules and the Bankruptcy Court. PWK's guideline hourly rates range from $525 to $675 per hour for partners and of counsel, $275 to $475 per hour for associates, and $195 per hour for paralegals. At this time we anticipate that Howard J. Weg, whose guideline hourly rate is $675, and David B. Shemano, whose guideline hourly rate is $595, will have primary responsibility for the cases. PWK will delegate tasks among attorneys and paralegals in the most cost-efficient manner possible, taking into account any court or other deadlines that may be applicable. We may change our guideline hourly rates from time-to-time, and we will notify the Clients if we do.

The following principles will govern the allocation of fees and expenses as between Namco and Namvar. If fees or expenses incurred related primarily to work performed primarily and substantially for the benefit of Namco, all of such time or expense may be allocated to Namco, even if the work performed has some benefit to, or effect on, Namvar. If fees or expenses incurred related primarily to work performed primarily and substantially for the benefit of Namvar, all of such time or expense may be allocated to Namvar, even if the work performed has some benefit to, or effect on, Namco. If it appears that the work is not primarily for the benefit of either Namco or Namco or has a substantial benefit for, or effect on, both, then we will make a reasonable effort to allocate the time or expense based on, in our reasonable judgment, the relative effect or benefit of the work to or on Namco and Namvar; provided, however, that, if we determine, in our reasonable judgment, that such precise allocation may be impractical, we may divide the time or expense between Namco and Namvar on a 50/50 basis.

Each of the Clients agrees to pay for expenses incurred in connection with PWK's representation of the Clients as and when payment of such expenses is authorized by the Bankruptcy Code, applicable rules or the Bankruptcy Court. Expenses will include messenger services, overnight couriers, computerized legal research, secretarial overtime, filing fees, court fees, service costs, long distance telephone charges, photocopying costs, faxing and telecopy costs, investigation, interpreters, experts, records procurement, photographs, deposition fees/charges, costs of trial and postage costs. When attorneys of the firm travel on matters relating to this representation, the reasonable cost of such travel shall constitute an expense. In the event of an extraordinarily significant expense, such as transcript costs, large photocopying or mailing costs, each of the Clients agrees to pay those expenses

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 5

directly to the supplier or vendor involved or, if PWK agrees to make the disbursement, each of the
Clients agrees to immediately reimburse PWK for that expense.

4. <u>Respective Responsibilities of Attorney and Client.</u> PWK will need the Clients' assistance
in preparing the schedules, statements, lists, and other papers required under the Bankruptcy Code and
applicable rules. In that regard, and generally throughout this engagement, each of the Clients agrees
to cooperate fully with PWK in connection with our representation of the Clients by providing PWK
with all information relevant to this engagement and by making the Clients' officers, employees,
accountants, attorneys and representatives reasonably available for consultation and interviews. We
will keep the Clients informed of developments as necessary to perform our services and will consult
with the Clients to ensure timely and efficient completion of our work.

As with every PWK engagement, our representation will be conducted in accordance with all
legal and ethical standards governing the practice of law. Each of the Clients has the right to terminate
our services at any time upon written notice. The Clients agree to pay for all services rendered and
expenses incurred prior to the date of termination.

PWK will also have the right to terminate our services and withdraw from this representation
if the Clients fail to comply with this agreement, if any fact or circumstance arises that would render
our continuing representation unlawful or unethical, for nonpayment of our fees and expenses, or for
any other reason for which withdrawal is authorized or required under applicable law or rules of
professional conduct, including the Clients' refusal to cooperate with us or to follow our advise on a
material matter. In the event of our withdrawal, each of the Clients agrees to pay for all services
rendered and expenses in the Client's case incurred prior to the date of withdrawal.

If, for any reason, PWK's representation of one Client is terminated, PWK shall have the right
to terminate its representation of the other Client.

5. <u>Attorney-Client Privilege.</u> In the lawyer/one client relationship, confidential
communications between the lawyer and the client are privileged from disclosure to any third party
without the client's consent. It appears that each of the Clients will have a joint interest in such
information, and we believe, therefore, that, if we share such information among the Clients, such
information will remain privileged and not subject to discovery by any other party outside of the
Clients. A court could decide, however, that by sharing the information among the Clients, the
attorney-client privilege has been waived to the extent of the information shared. By signing this letter
in the space provided below, each of the Clients agrees that we may share and discuss confidential
information and/or attorney-client privileged communications with each of the Clients and no Client
will use this sharing of information and communications to disqualify us from representing any of the
Clients.

While confidential attorney-client communications are normally privileged, a trustee in
bankruptcy appointed in either a chapter 11 or chapter 7 case may be able to waive the attorney-client
privilege and force us to disclose to the trustee any privileged information or documents.

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 6

6. <u>Disclosure of Representations.</u> To avoid representing parties with conflicts of interest, we maintain a conflict of interest index. Please provide us with a list of the Clients' creditors so we can check for conflicts of interest. PWK will comply with the applicable provisions of the Bankruptcy Code and applicable rules to be sure that the firm is "disinterested" and has made all required disclosures to the Bankruptcy Court and creditors.

Based on the information we have received to date, PWK is not aware of any current or past relationship with another person or entity interested in the subject matter of this representation that would constitute a conflict of interest, and PWK itself does not believe it has an interest in the subject matter of this representation. However, PWK is a specialty law firm. Because of the specialized nature of its practice, PWK may on occasion concurrently represent one client in a particular case and the adversary of that client (or a professional engaged by an adversary) in an unrelated case. Thus, by way of example only, while representing Namco, PWK may represent a debtor of Namco in a bankruptcy case or in out-of-court restructuring negotiations with its creditors. Similarly, by way of example, PWK may represent a creditor of Namvar in that creditor's capacity either as a debtor or creditor on an entity that is unrelated to Namvar. Nevertheless, notwithstanding any concurrent representation, PWK strictly maintains all client confidences and zealously pursues the interests of its clients. By signing this letter in the space provided below, the Clients agree that any concurrent representation is not inappropriate in any way and that this firm may represent any other person or entity in a matter unrelated to the Clients' employment of the firm even if that person or entity is now or hereafter becomes the Clients' debtor or creditor or is otherwise adverse to the Clients. The Clients also agree that this firm may, in matters unrelated to the Clients' employment of the firm, represent clients or take positions that are or may be adverse or potentially adverse to the Clients. We will not, however, represent any person or entity in a lawsuit that is directly adverse to the Clients during our engagement by the Clients.

Notwithstanding the foregoing, it is possible that a conflict may arise between Namco and Namvar during their chapter 11 cases. If such a conflict cannot be otherwise resolved, as suggested above, Baker & McKenzie may represent Namco in connection with the matter and, if necessary, special counsel may be employed to represent Namvar.

7. <u>Files and Documents.</u> We will transfer your files and documents to the Clients or another firm upon our receipt of the Clients' written request. However, we are entitled to make and keep copies of the Clients' files and documents at the Clients' expense before we transfer them to the Clients or another firm. Unless the Clients make other arrangements with us, we will retain all files and documents relating to the Clients' matter for three years following the conclusion of the matter. Thereafter, if the Clients have not previously notified us to transfer the files to the Clients or another firm prior to the expiration of that three year period, the files and documents may be destroyed in the ordinary course of our business without any further notice to the Clients, consistent with maintaining their confidentiality. We will attempt to protect the Clients right to privacy of nonpublic information that is disclosed to us.

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 7

8. Disclosures. PWK maintains errors and omissions insurance coverage. The policy limits
exceed $100,000 per occurrence and $300,000 per policy term.

PWK maintains a policy that it does not provide opinion letters to its clients or to others who
might wish to rely on such letters. PWK does not alter this policy except under very unusual
circumstances and then only upon further written agreement, as approved by the firm, which provides
compensation to PWK for the special risks involved in furnishing opinion letters.

9. Conclusion. This letter sets forth the terms of the Clients' retention of PWK in connection
with the Voluntary Phase. Please acknowledge approval of the terms set forth in this letter by signing
in the space provided below and returning a copy of this letter to me. We encourage each of the
Clients to have one of your other attorneys review this letter before you sign it.

Following the conclusion of the firm's engagement, the firm will not monitor or follow-up
with the Clients on the renewal of judgments, the continuation of financing statements, the extension
of licenses or take any other actions that are required by law to be taken at any time after the
conclusion of the engagement. These matters are the Clients' responsibility, although we will be
pleased to discuss the engagement of the firm for these services at that time.

Once again, thank you for selecting Peitzman, Weg & Kempinsky LLP to serve as the Clients'
bankruptcy counsel. We look forward to working with you on this matter. As always, if you have
any questions or require any additional information, please let us know.

Very truly yours,

Howard J. Weg

AGREED:

NAMCO CAPITAL GROUP, INC.

By: _____
    Ezri Namvar
    Its: President

Dated: January 19, 2009

Namco Capital Corp., Inc.
Ezri Namvar
January 19, 2009
Page 8


EZRI NAMVAR

Dated:  January 19, 2009

Address:

Namco Capital Group, Inc.
12121 Wilshire Blvd.
Suite 1400
Los Angeles, CA 90025
Telephone:  (310) 367-2000

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)                    1998 USBC, Central District of California

<table>
<tr><td colspan="2"><strong>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</strong></td></tr>
<tr><td>In re<br><br>    NAMCO CAPITAL GROUP, INC.<br><br>                                    Debtor.</td><td>Case No.:  2:08-32333-BR<br><br><strong>DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR</strong></td></tr>
</table>

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   *See Engagement Letter - Attachment B203-2*

   Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $ 100,000.00*

   Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $ 0

2. The source of the compensation paid to me was:

   ■ Debtor         ❑ Other *(specify)*

3. The source of compensation to be paid to me is:

   ■ Debtor         ❑ Other *(specify)*

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ❑ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. See Engagement Letter - Attachment B203-2

* Between the Petition Date and the date of entry of the Order for Relief, Baker & McKenzie LLP received retainer payments totaling $ 100,000, of which approximately $ 26,000 remained on deposit for fees and costs incurred for services rendered after the date of entry of the Order for Relief.

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor (1/88)

1998 USBC, Central District of California

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_3/15/09_
**Date**

_Signature of Attorney_

Baker & McKenzie LLP
_Name of Law Firm_

**BAKER & McKENZIE**

Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California  92130-3051, USA

Tel: +1 858 523 6200
Fax: +1 858 259 8290
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Düsseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogotá
Brasília
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

**ATTORNEY-CLIENT PRIVILEGE**

Ali M.M. Mojdehi
Tel: +1 858 523 6280
ali.m.m.mojdehi@bakernet.com

January 8, 2009

Namco Capital Group, Inc.
c/o Ezri Namvar
12121 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

RE:     Engagement of Baker & McKenzie LLP

Dear Mr. Namvar:

We are pleased that Baker & McKenzie LLP has been requested to represent Namco Capital Group, Inc. ("Namco"). For the sake of good order, I am taking the liberty of sending you this letter, confident that you too share our belief it is appropriate to have the terms and conditions of our representation set forth in written form. The terms of this letter and our Standard Terms of Engagement for Legal Services, which are enclosed, will govern this engagement and any future assignments we accept from Namco; we shall assume the provisions of this letter and our Standard Terms are acceptable in the event you continue to utilize our services after your receipt of this correspondence. We look forward to the opportunity of growing our relationship with you, and in the event you subsequently elect to engage us for additional assignments, we will confirm them with further correspondence.

*Scope of Engagement.* We understand that you are engaging Baker & McKenzie LLP to represent Namco in connection with the involuntary bankruptcy case filed against Namco and Namco's ongoing restructuring efforts. We confirm that Namco has also retained the law firm of Peitzman, Weg & Kempinsky LLP which is representing both Namco and Mr. Ezri Namvar in connection with Namco's and Mr. Namvar's restructuring efforts. We will be coordinating our efforts with Mr. Weg's firm to ensure a cost effective representation, consistent with our obligations to Namco.

*Billing Policies and Procedures.* Subject to any necessary Bankruptcy Court approval, Namco agrees to pay the reasonable value of our services and all other charges billed by us in connection with our representation. To assist us in determining that reasonable value, we assign guideline hourly rates to each of our lawyers and paralegals, and we require each to maintain a record of the time expended on a particular matter. I will be the attorney responsible for overall supervision of the legal services provided to you in this matter, and it will be my responsibility to determine the appropriate staffing of your work (having regard

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

to its nature, complexity and urgency, as well as its efficient discharge). My guideline hourly rate currently is $620. The current guideline rates for others in our firm who may provide assistance or consultation on your behalf range from $195-$250 per hour for our paralegals, $250-$500 per hour for associates and $500-$850 per hour for partners who might be called upon to assist. Hourly rates are adjusted periodically, and I will apprise you of any such changes when implemented.

We will bill you for costs advanced on your behalf for filing fees, reasonable travel expenses, photocopying, telephone calls, facsimiles, mail, computer research services and the like. A more specific schedule of charges for costs and reimbursements also is enclosed for your information. Bills we receive which are in excess of $250 ordinarily will be forwarded to you for direct payment to the service provider.

Our statements for services rendered will state the basis of our total of charges, including the amount, rate, basis for calculation and other method of determination of the fee. Attorney time is billed in increments of 1/10th of an hour. We do bill for time spent on telephone calls, legal research and analysis, travel required in furtherance of your interests, and intraoffice conferences that are required in order to direct and supervise office personnel who are working on your matters. Additionally, we will furnish you with a complete statement of all funds received and disbursed and any charges upon any trust account after receipt of a written request.

We intend to file, as soon as appropriate, an application with the Bankruptcy Court to approve our representation and the terms thereof. If for any reason our employment is not approved, or its terms are modified in any material respect, we reserve the right to modify the terms of our employment to coincide with any applicable court order, or to withdraw completely from further representation of you.

From time-to-time we may estimate the amount of fees that we anticipate will be incurred with respect to certain services. However, such estimates are by their nature inexact. The cost of legal services is difficult to predict, because the nature of our work on your behalf often is dictated by factors over which we have no control. For that reason, we cannot make any commitments about the outcome of matters for which we are engaged, and we are unable to quantify the maximum fee that may be incurred.

It is our law firm's practice to request an advance deposit. In connection with this representation, we request a $100,000 retainer.

**BAKER & M<sup>c</sup>KENZIE**

Needless to say, in the event that you ever have any questions, please do not hesitate to contact me. We thank you for this opportunity to be of service, and appreciate the confidence you have reposed in us with this assignment.

Very truly yours,

**Baker & McKenzie LLP**

Ali M.M. Mojdehi

AMM/tlm

Enclosures

The undersigned agrees to retain Baker & McKenzie LLP pursuant to the terms, conditions, and limitations set forth in this letter and its enclosures.

NAMCO CAPITAL GROUP, INC.

By: _____

Namco Capital Group, Inc.
January 8, 2009
SDODMS1/696885.1A

# Baker & McKenzie

## Standard Terms of Engagement for Legal Services

**Governing Terms.** This statement contains the standard terms for our engagement as your lawyers. Unless modified in writing by mutual agreement, these terms will be an integral part of any agreement we may have with you. Please review this statement carefully and contact us promptly if you have any questions. We suggest that you retain this statement in your file.

**Application and Interpretation.** Your engagement is with Baker & McKenzie LLP, a member of Baker & McKenzie International, which is a Swiss Verein with member law firms around the world. In accordance with the common terminology used in professional service organizations, reference in these Standard Terms, or otherwise in the course of your dealings with us, to a "partner" means a partner, or equivalent, in this or another such law firm. Similarly, references to an "office" means an office of any such law firm.

**Client Service Lawyer.** One lawyer will generally be assigned primary responsibility for seeing that your requests for legal services are met. Additional lawyers and paralegals from other Firm offices may assist in rendering the most appropriate and efficient legal services, and we will share confidential information with them regarding your matters for the purposes of better serving you.

**Scope of Our Engagement and Fees.** The scope of any engagement will be set out in a separate letter that will be sent to you each time we agree to represent you on an individual matter (Assignment Letter). Our fee arrangement will be set out in that letter.

**Conflicts.** We will always honor our duty of confidentiality to you and protect your information. Without detracting from our duty of confidentiality to you, this letter confirms our mutual agreement that, so long as we act in accordance with ethical requirements, we and other Firm offices may without your consent act for other persons or entities whose interests are adverse to you or your affiliates in matters not substantially related to our

engagement by you. The adversity may be in litigation, legislative or regulatory matters, or in transactions or otherwise, all regardless of type, importance or severity of the matter.

We agree, however, that we will not act adversely to you in any instance where, as the result of our representation of you, we have obtained sensitive, proprietary or other confidential information of a nonpublic nature that, if known to any such other client of ours, could be used in a matter in which we are retained by our other client to your or your affiliates' material disadvantage, unless we screen our lawyers and paralegals who have such information from any involvement in the adverse representation.

You also understand that we and other Firm offices may obtain confidential information from other clients that might be of interest to you, but which we cannot share with you.

**Conflicts With Affiliates.** For purposes of our engagement, our client is only the entity designated in our Assignment Letter, and not its affiliates (the stockholders, parent, subsidiaries, directors, officers, or related companies of any entity, or the individual members of a trade association, or the partners of a partnership or joint venture). Accordingly, for conflict of interest purposes, we and other Firm offices may represent another client with interests adverse to your affiliates without obtaining your or their consent. We will expect you to inform us immediately if the designated client does business under any other name.

**Third Parties.** Our engagement for you does not create any rights in or liabilities to any third party.

**Termination of Services.** We are subject to the rules of professional responsibility for the jurisdictions in which we practice, which list types of conduct or circumstances that require or allow us to withdraw from representing a client. We may terminate our representation for any reason consistent with the applicable rules of professional

responsibility. We try to identify in advance and discuss with our client any situation that may lead to our withdrawal, and if withdrawal ever becomes necessary we give the client written notice of our withdrawal.

You may terminate our representation at any time by notifying us. Termination of our services will not affect your responsibility for payment for legal services rendered and additional charges incurred before termination and in connection with an orderly transition of your matters.

Our attorney-client relationship will be considered terminated upon our completion of the specific services that you have retained us to perform, or if open-ended services are agreed upon, when more than six months have elapsed from the last time you requested and we furnished any billable services to you. If you later retain us to perform further or additional services, our attorney-client relationship will be revived, subject to these and any subsequent written terms in the Assignment Letter. The fact that we may inform you from time to time of developments in the law which may be of interest to you, by newsletter or otherwise, should not be understood as a revival of an attorney-client relationship. Moreover, we have no obligation to inform you of such developments in the law unless we are engaged in writing to do so.

**Your Papers.** When termination occurs, papers and property that you have provided to us will, at your request, be returned to you promptly. Copies of papers we have created for you, which you may need but no longer have, will be made available to you. Our drafts and work product will belong to us. We reserve the right, subject to any applicable laws or rules of professional responsibility to the

contrary, to destroy within a reasonable time any items described in this paragraph that are retained by us.

**E-mail.** Documents sent to you by e-mail (whether or not containing confidential information) will not be encrypted unless you request us, in writing, to encrypt outgoing e-mail and we are able to agree with you and implement mutually acceptable encryption standards and protocols.

We make reasonable attempts to exclude from our e-mails and any attachments any virus or other defect that might affect any computer or IT system. However, it is your responsibility to put in place measures to protect your computer or IT system against any such virus or defect, and we do not accept any liability for any loss or damage that may arise from the receipt or use of electronic communications from us.

**Questions.** One of our goals is to ensure that legal services are delivered effectively and efficiently, and that all billings are accurate and understandable. Please direct any questions about services or billing practices to your client service lawyer.

**Agreement.** These Standard Terms shall be incorporated into any specific engagement and will be part of each Assignment Letter. Except for pending uncompleted assignments, these Standard Terms supersede all prior understandings or agreements between you and us and they shall prevail over any contrary or alternative terms of yours or any third party. Any change to these terms must be made or confirmed in writing in the Assignment Letter and be signed by the Managing Partner of one of our Firm offices.

**BAKER & McKENZIE**

# Baker & McKenzie LLP
## United States Client Costs Schedule

| COPY AND PRINT | | |
|---|---|---|
| Photocopy – B&W | 0.19 | |
| Photocopy – Color | 0.75 | |
| Desktop / Multi Function Device Printing | 0.19 | |
| Assembly and Finishing | | Actual cost |
| Image Scanning – External | | Actual cost |
| Blueprints | | Actual cost |
| Bates Stamping | | Actual cost |
| MESSENGER AND DELIVERY | | |
| FedEx, Other | | Actual cost |
| Postage | | Actual cost |
| Courier, Messenger – External | | Actual cost |
| Courier, Messenger – Internal B&M | 9.50 | Flat fee, plus actual expenses |
| COMMUNICATIONS / TELEPHONE | | |
| Telephone – Local | | No charge |
| Telephone – Long Distance | | Actual cost |
| Communications – Cellular | | Actual cost |
| Facsimiles – Outgoing | 1.00 | Per page, inclusive of phone charges |
| Facsimiles – Incoming | | No charge |
| Teleconferencing | | Actual cost |
| Videoconferencing | | Actual cost |
| Web Casting | | Actual cost |
| TRAVEL | | |
| Travel | | Actual cost |
| Travel – Local Client | | Actual cost, or $.55 per mile |
| DOCUMENT PRODUCTION / OTHER | | |
| Travel – Local Client – Parking | | Actual cost |
| Document Production – Outsourced | | Actual cost |
| Document Production – Internal B&M | 55.00 | Per hour |
| Secretarial Services – Over-time | | Actual cost |
| Translation – External | | Actual cost |
| Notary – Internal B&M | | No charge |
| Notary – External | | Actual cost |
| File Retrieval | | Actual cost |
| Misc. Supplies | | Actual cost |
| Facilities – Catering | | Actual cost |

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.
Client Cost Recovery Policy
SDODMS1/896885.1A

ATTACHMENT B203-2, Pg. 6 of 6

Verification of Creditor Mailing List - (Rev. 10/05)                                    2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name ___Peitzman, Weg & Kempinsky LLP_____

Address ___10100 Santa Monica Blvd., Suite 1450, Los Angeles, CA 90067_____

Telephone ___(310) 552-3100_____

■  Attorney for Debtor(s)
☐  Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years): | Case No.:  2:08-32333-BR |
| | Chapter:  11 |
| Namco Capital Group, Inc. | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __82__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions. `

Date: ___March 15, 2009_____        _____
                                                                *Debtor*

___/s/ Monsi Morales_____        _____
*Attorney (if applicable)*                                      *Joint Debtor*

* The Debtor's Master Mailing List was filed with the Bankruptcy Court on February 13, 2009. Some changes have been made since that date and the Master Mailing List will be supplemented or amended soon to reflect those changes.