JOSEPH A. EISENBERG P.C. (SBN 52346)
DAVID M. POITRAS P.C. (SBN 141309)
CAROLINE R. DJANG (SBN 216313)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 712-8571
Email:         dpoitras@jmbm.com

[Proposed] Counsel for Bradley D. Sharp, Chapter 11 Trustee
for Namco Capital Group, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation; and EZRI<br>NAMVAR, an individual,<br><br>Debtors.<br><br>Check One or More as Appropriate:<br>Affects Both Debtors:  ☐<br>Affects Namco Capital Group, Inc. only:  ☒<br>Affects Ezri Namvar only:  ☐ | Case No.  2:08-32333-BR<br><br>(Jointly Administered with<br>Case No. 2:08-bk-32349-BR)<br><br>Chapter 11<br><br>**NOTICE OF APPLICATION AND APPLICATION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE EMPLOYMENT OF JEFFER, MANGELS, BUTLER & MARMARO LLP AS GENERAL BANKRUPTCY COUNSEL FOR CHAPTER 11 TRUSTEE; DECLARATIONS OF GORDON SCHALLER AND DAVID M. POITRAS**<br><br><u>Hearing:</u><br><br>Date:  June 3, 2009<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>       255 East Temple Street<br>       Los Angeles, California 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

6126447v1

1    **PLEASE TAKE NOTICE** that on the 3rd day of June 2009, at the hour of 10:00 a.m., or as

2    soon thereafter as counsel can be heard, in the courtroom of the Honorable Barry Russell, United

3    States Bankruptcy Judge, which is located in Courtroom 1668, 255 East Temple Street, 16th Floor,

4    Los Angeles, California 90012, Bradley D. Sharp, the duly qualified and acting chapter 11 trustee

5    (the "Namco Trustee") for the bankruptcy estate (the "Namco Bankruptcy Estate") of Namco

6    Capital Group, Inc. (the "Debtor"),  will, and does hereby, apply to the Court for an order

7    authorizing and approving the employment of Jeffer, Mangels, Butler & Marmaro, LLP ("JMBM")

8    as counsel (the "Application").

9         Pursuant to Fed. R. Bankr. P. 2002, the Namco Trustee provided both this notice and a copy

10   of the Application to: (i) bankruptcy counsel to the Debtor, (ii) the Official Committee of

11   Unsecured Creditors and its counsel in the Namco chapter 11 case, (iii) bankruptcy counsel to Ezri

12   Namvar, (iv) bankruptcy counsel to the chapter 11 trustee in the Ezri Namvar chapter 11 case, (v)

13   the Official Committee of Unsecured Creditors and its counsel in the Ezri Namvar chapter 11 case,

14   (vi) all parties requesting special/ECF notice, (vii) the top 40 largest creditors in the Debtor's case;

15   and (viii) the Office of the United States Trustee.

16        The Application is based upon this Notice, the Application itself, the attached declaration,

17   all pleadings and records on file in this case, and upon such oral or written evidence as may be

18   properly presented to the Court at or before the time of the hearing.

19        **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1,

20   any party opposing the relief sought by the Application or objecting to the adequacy of the notice of

21   the Application must file a written response setting forth the facts and law upon which the

22   opposition is based, and must file said written response with the Court and serve a copy on the

23   Namco Trustee's proposed counsel not less than fourteen (14) days prior to the hearing on the

24   Application and must appear at the hearing on the Application. All factual allegations set forth in

25   such written response must be supported by competent and admissible evidence.  Such responses

26   must be served on the Namco Trustee's proposed counsel at the address noted in the upper left-hand

27   corner of the first page of this notice, to the attention of David M. Poitras.  Failure to respond may

28   result in the Court deeming you to have consented to the relief requested by the Application. For

PRINTED ON
RECYCLED PAPER

6126447v1

1   further information concerning the Application, you may contact the proposed attorneys for the

2   Namco Trustee listed in the top left-hand corner of the first page of this Notice.

3

4   DATED: May 13, 2009                          JEFFER, MANGELS, BUTLER & MARMARO LLP

5

6

7                                               By: _____

8                                               DAVID M. POITRAS
                                                [Proposed] Counsel for Bradley D. Sharp, Chapter
9                                               11 Trustee for Namco Capital Group, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

6126447v1

## APPLICATION

Bradley D. Sharp, Chapter 11 Trustee for the bankruptcy estate of Namco Capital Group, Inc. ("Trustee"), respectfully submits this Application to Employ Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") as Counsel (the "Application") and seeks Court approval to employ JMBM on the terms and conditions described below:

## BACKGROUND

1.    On December 22, 2008, involuntary chapter 11 petitions (the "Petition Date") were filed against the Debtor and its sole shareholder Ezri Namvar ("Namvar"). On January 29, 2009, orders for relief were entered in both the Debtor's bankruptcy case and the Namvar bankruptcy case. On February 10, 2009, an order granting joint administration of the Namco and Namvar bankruptcy cases was entered.

2.    On March 11, 2009, the Court entered an order appointing R. Todd Neilson as the chapter 11 trustee in the Namvar bankruptcy case.

3.    On February 13, 2009, the U.S. Trustee appointed an Official Committee of Unsecured Creditors in this case (the "Committee"), and the Committee has retained Creim Macias Koenig & Frey LLP as its counsel.

4.    On May 8, 2009, the Court entered an order appointing Bradley D. Sharp as the chapter 11 trustee in the Namco bankruptcy case.

5.    As of the date of this Application, the Namco Trustee is informed and believes that as of the Petition Date, Namco was a California corporation and Namvar was the President, Chief Financial Officer, sole director and sole shareholder of Namco.

6.    Prior to the Petition Date, Namvar was engaged in the business of real estate lending and investments through Namco and other entities. Historically, Namco borrowed funds on a secured or unsecured basis from various individuals and entities (the "Noteholders") pursuant to promissory notes payable by Namco, and the borrowed funds were then loaned to related and unrelated real estate projects throughout the United States (and some in Israel). It appears that over the five to seven year period prior to the Petition Date, most of the borrowed funds were loaned to real estate projects that are owned by various special purpose limited liability companies (the

1    "LLCs") in which Namvar and/or members of Namvar's family directly or indirectly hold some or

2    all of the membership interests. In many cases, Namvar is the manager of the LLC.

3        7.    Presently, it appears that Namco owes approximately $400 to $500 million in the

4    aggregate to over 400 Noteholders (this amount does not include approximately $110 million

5    allegedly owed to Namvar family members). In addition to the Noteholders, there is separate

6    indebtedness owed by the LLCs to the financial institutions that provided additional financing

7    secured by the LLC's real estate projects.

8                            **RELIEF REQUESTED**

9        8.    Subject to Court approval of the terms and conditions set forth in this Application,

10    JMBM has agreed to act as counsel to the Trustee, effective as of May 5, 2009.

11                            **SCOPE OF EMPLOYMENT**

12        9.    The Trustee requires counsel in order to render the following illustrative types of

13    professional service:

14            a.    To advise the Trustee regarding his rights and responsibilities as a chapter 11

15    trustee, specifically including the requirements of the United States Bankruptcy Code, the Federal

16    Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee Guides for

17    Chapter 11 Debtors ("UST Guides"), and how the application of such provisions relate to the

18    administration of this bankruptcy estate;

19            b.    To advise and to assist the Trustee in connection with the preparation of

20    certain documents to be filed with the Court and/or the U.S. Trustee, including, without limitation,

21    any amendments to the Schedules, SOFAs, Statement of Equity Security Holders, and the Seven

22    Day Package, and on an ongoing basis, Monthly Operating Reports, and other such documents;

23            c.    To represent the Trustee with respect to bankruptcy issues in the context of

24    the pending chapter 11 case, and any adversary proceedings, including the commencement of any

25    avoidance actions, the outcome of which would affect the administration of the chapter 11 case;

26            d.    To advise and protect the Trustee concerning the bankruptcy estate's rights,

27    investments and interests in various loans and deeds of trust and to take action to protect the

28    bankruptcy estate's economic interests in such assets; and

PRINTED ON
RECYCLED PAPER

6126447v1

1        e.      To advise, assist and represent the Trustee in the negotiation, formulation and

2    confirmation of a plan of reorganization.

3    **QUALIFICATIONS OF JMBM**

4        10.    JMBM is composed of attorneys who specialize in the practice of insolvency,

5    reorganization, and bankruptcy law, as well as corporate, real estate, land use, environmental,

6    litigation, intellectual property, tax and labor law.  JMBM believes it is well qualified to represent

7    the Trustee, and is known throughout the State of California and across the country.  All attorneys

8    comprising or associated with JMBM's bankruptcy department who will render services in this case

9    are duly admitted to practice law in the Courts of the State of California and in the United States

10    District Court for the Central District of California.  A summary of the experience and

11    qualifications of JMBM attorneys in the bankruptcy department who are expected to work on this

12    matter is attached as <u>Exhibit A</u> to the supporting Declaration of David M. Poitras ("<u>Poitras Decl.</u>")

13    appended hereto.

14        11.    All attorneys who comprise JMBM's bankruptcy department are familiar with the

15    Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the

16    UST Guides and shall comply with them.  JMBM understands the provisions of Title 11 U.S.C.

17    Sections 327, 328, 329 and 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure,

18    which require, among other things, Court approval of employment of professionals and Court

19    authorization of any fees and costs that JMBM will receive from the bankruptcy estate, after notice

20    and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

21        12.    The Trustee wishes to employ JMBM as his counsel on an hourly rate basis.

22    JMBM's fees are computed and billed on a time-expended basis in accordance with the hourly rates

23    assigned to each professional or paraprofessional.  The hourly rates of the members of JMBM's

24    bankruptcy group expected to work on this matter are set forth in <u>Exhibit B</u> to the Poitras Decl.

25        13.    Certain services may be rendered by other JMBM professionals in other specialty

26    groups, whose hourly rates may be different from the rates of the bankruptcy professionals, but

27    whose rates do not exceed the rates of the bankruptcy group.  All JMBM rates are subject to

28

PRINTED ON
RECYCLED PAPER

6126447v1

1    periodic adjustment generally on January 1 of each year and the applicable rates are those in effect

2    at the time the services are rendered.

3            14.    JMBM did not receive any payments from either the Trustee or Debtor within the

4    one-year period prior to the Petition Date. JMBM has not received any retainer from the Trustee or

5    the bankruptcy estate.

6            15.    Not more frequently than every 120 days, JMBM will file a full and complete fee

7    application with the Court, on notice to creditors and interested parties, seeking allowance and

8    payment of its fees and costs.

9            16.    JMBM has agreed to accept as compensation for its services such sums as may be

10    allowed by this Court, based upon time spent and services rendered, results achieved, difficulties

11    encountered, and other appropriate factors.

12                            **JMBM IS DISINTERESTED**

13            17.    To the best of the Trustee's knowledge, and as set forth in the Poitras Decl., the

14    Trustee believes that JMBM is a "disinterested person" within the meaning of section 101(14) of the

15    Bankruptcy Code. As set forth in the Poitras Decl., JMBM does not represent any interest adverse

16    to the Debtor, its creditors or the estate which would prohibit JMBM from serving as the Trustee's

17    counsel pursuant to 11 U.S.C. sections 327, *et seq.* Moreover, the Trustee will be retaining special

18    conflicts counsel to handle any and all matters that JMBM cannot handle, due to actual or potential

19    conflicts now existing or later determined.

20            18.    JMBM does not have any prepetition claims against the Debtor or the bankruptcy

21    estate. JMBM has not received, and has no present plans to receive, any lien or other interest in

22    property of Debtor or of a third party to secure payment of JMBM's fees.

23            Based upon the foregoing, the Trustee believes that the employment of JMBM as his

24    counsel is in the best interest of the estate.

25

26

27

28

PRINTED ON
RECYCLED PAPER

6126447v1

1    **WHEREFORE**, the Trustee respectfully requests authorization to employ JEFFER,

2    MANGELS, BUTLER & MARMARO LLP as his counsel on the terms and conditions set forth in

3    this Application, with compensation to be at the expense of the estate in such amount as the Court

4    may hereafter allow, effective as of May 5, 2009.

5

6

7    Dated: May 12, 2009                    By: _____

8                                               BRADLEY D. SHARP, Solely in His Capacity
                                               as Chapter 11 Trustee for the Bankruptcy
9                                               Estate of Namco Capital Group, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF GORDON SCHALLER

I, GORDON SCHALLER, do hereby declare as follows:

1.      I am an attorney admitted to practice law in the State of California and before the United States District Court for the Central District of California. I am a partner in Jeffer, Mangels, Butler & Marmaro LLP ("JMBM"). The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      I joined JMBM in March of 2007 and practice out of its Orange County office.

3.      Prior to joining JMBM I was a partner in Greenberg Traurig LLP ("Greenberg") in Greenberg's Orange County office.

4.      During the time that I practiced with Greenberg, Greenberg rendered services on behalf of Ezri Namvar ("Namvar") and various companies that Namvar was affiliated with, including Namco Capital Group ("Namco"). I was not the originating or responsible attorney for Greenberg's representation of Namvar and his affiliated entities.

5.      During the time that I practiced with Greenberg, I recall working on the following types of matters for Namvar and his affiliates:

        (a)      I helped Namvar establish a Charitable Trust for his wife and himself as a private foundation, and have it qualified as an exempt organization under Internal Revenue Code Section 501(c)(3).

        (b)      I helped Namvar in connection with the Persistence Capital matter, involving the financing and acquisition of life settlement agreements.

6.      When I joined JMBM, and in contemplation of rendering services on behalf of Namvar at JMBM, I caused JMBM to enter into an engagement letter with Namvar individually. Notwithstanding the engagement letter, I performed no services for Namvar while at JMBM.

7.      Notwithstanding the foregoing, JMBM will establish an "ethical wall" and a wall to prevent the sharing of electronic information and files in connection with its proposed representation of the Namco bankruptcy trustee. I will not perform any services for Namvar or any of his affiliates or in these bankruptcy cases. The professionals at JMBM working on these cases and I will not communicate or exchange any information regarding Namvar, his related entities or

1   any services performed by JMBM during the course of these bankruptcy cases.

2        I declare under penalty of perjury under the laws of the United States of America that the

3   foregoing is true and correct and that this declaration is executed this 13th day of May 2009 at Los

4   Angeles, California.

5

6                                              /s/ Gordon Schaller

7                                              GORDON SCHALLER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF DAVID M. POITRAS

2    I, DAVID M. POITRAS, do hereby declare as follows:

3    1.    I am an attorney admitted to practice law in the State of California and before the

4    United States District Court for the Central District of California.    I am the principal of a

5    professional corporation which is a partner in Jeffer, Mangels, Butler & Marmaro LLP ("JMBM").

6    The matters set forth herein are made of my own personal knowledge and, if called and sworn as a

7    witness, I could and would testify competently thereto.

8    2.    This declaration is made in support of the foregoing application of JMBM to be

9    employed as counsel to Bradley D. Sharp, Chapter 11 Trustee of the bankruptcy estate of Namco

10    Capital Group, Inc. (the "Namco Trustee"), and is in accordance with Rule 2016 of the Federal

11    Rules of Bankruptcy Procedure.

12    3.    JMBM maintains its primary office for the practice of law at 1900 Avenue of the

13    Stars, Seventh Floor, Los Angeles, California 90067, telephone number (310) 203-8080, fax

14    number (310) 203-0567; the firm also has offices located in San Francisco and Orange County.

15    JMBM is composed of over 150 attorneys who specialize in the practice of, among other things,

16    reorganization and bankruptcy law, as well as corporate, litigation, intellectual property, real estate,

17    land use, environmental, tax and labor law.    JMBM believes that its attorneys have a very good

18    reputation in the legal community and with the courts of this district.    All attorneys comprising or

19    employed by JMBM who will appear in cases in which the Trustee or the Debtor may be a party are

20    duly admitted to practice law in the courts of the respective jurisdictions where they are required to

21    render such services.    A summary of the experience and qualifications of JMBM attorneys expected

22    to render services to the Namco Trustee is attached hereto as Exhibit A (the "Firm Resume").    A

23    listing of JMBM's current hourly rates for the professionals list on Exhibit A, which are subject to

24    periodic adjustment, are set forth on Exhibit B hereto.    The rate to be charged to the Namco Trustee

25    is the rate in effect at the time the service is rendered.

26    4.    As members of JMBM's Bankruptcy Department, Joseph A. Eisenberg and I will

27    have primary responsibility for the representation of the Namco Trustee, and will coordinate with

28    other members of JMBM, as necessary, to provide the Namco Trustee with representation in other

PRINTED ON
RECYCLED PAPER

6126447v1

areas of law.  If counsel other than JMBM is required to adequately represent the Namco Trustee, appropriate application will be made to the Court in connection therewith.

5.    All members of JMBM's Bankruptcy Department are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the U.S. Trustee Chapter 11 Guides and Notices ("UST Guides") promulgated by the U.S. Trustee, and intend to comply with the foregoing in all respects.

6.    JMBM did not receive any payments from either the Namco Trustee or the Debtor within the one-year period prior to the Petition Date.  JMBM has not received any retainer from the Namco Trustee or the bankruptcy estate.

7.    JMBM has agreed to accept as compensation for its services such sums as may be allowed by this Court, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.

8.    All fees paid by the bankruptcy estate or requested by JMBM will be subject to application to and approval by this Bankruptcy Court, after appropriate notice to creditors in accordance with 11 U.S.C. §§ 328, 330, and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the UST Guides.

9.    JMBM does not have any prepetition claim against the Debtor or the bankruptcy estate.  JMBM has not received, and has no present plans to receive, any lien or other interest in property of the Debtor or a third party to secure payment of JMBM's fees.

10.    JMBM is not a creditor or an equity security holder or an insider of the Namco Trustee, the Debtor or the bankruptcy estate.

11.    JMBM is not and was not, within two years before the date of the filing of the petition herein, a director, officer, member or employee of the Namco Trustee, the Debtor or the bankruptcy estate.

12.    JMBM has made the following investigation of potential adverse interests prior to submitting this declaration: JMBM has undertaken a full and thorough review of its computer database which contains the names of clients and other parties interested in particular matters.  JMBM requires all of its professionals, before accepting the representation of a new client, or the

1    representation of an existing client in a new matter, to perform a conflicts check through JMBM's

2    database and to enter into that database conflict information regarding new clients or new matters.

3    Thus, a review of said computerized database should reveal any and all actual or potential conflicts

4    of interest with respect to any given representation.

5        13.    JMBM has run the following names through its conflicts database: (a) Namco

6    Capital Group, Inc. and Ezri Namvar ("Namvar"); (b) any affiliates of the Debtor as disclosed in the

7    Debtor's schedules; (c) the petitioning creditors in the Debtor's case; (d) the top 40 largest creditors

8    in the Debtor's case; (e) the members of the Committee in the Debtor's case; (f) present and former

9    officers and directors of the Debtor as disclosed in the Debtor's schedules; and (g) all plaintiffs that

10   have brought suit against Namco as disclosed in the Debtor's schedules.

11       14.    JMBM has been involved in a number of unrelated cases with various professionals

12   involved in these cases, both in adverse and non-adverse roles.

13       15.    JMBM is a multi-office law firm with clients throughout the United States and the

14   World.  It is possible that JMBM represents creditors or parties in interest in this case in matters

15   wholly unrelated to the Debtor or this bankruptcy case.

16       16.    Based on the foregoing and to the best of my knowledge, the following are JMBM's

17   only connections with the Debtor, its creditors, parties interest, the United States Trustee or anyone

18   employed by the Office of the United States Trustee:

19       (a)    JMBM is presently counsel to Bradley D. Sharp, the trustee herein, as chapter 11

20   trustee of Estate Financial Mortgage Fund, LLC (C.D. Cal. 08-11535-RR).    JMBM has also

21   represented Development Specialists Inc., a firm with which the Namco Trustee is a member, as an

22   assignee for the benefit of creditors in various assignments.

23       (b)    Prior to joining JMBM in March 2007 as a partner, Gordon Schaller ("Mr. Schaller")

24   was a partner at Greenberg Traurig LLP ("Greenberg").  As set forth in the Schaller declaration,

25   while at Greenberg, Mr. Schaller performed services in the tax and trusts and estates areas on behalf

26   of Namvar and related entities, including the Debtor.    When Mr. Schaller joined JMBM, in

27   contemplation of continuing to perform services on behalf of Namvar, JMBM entered into an

28   engagement letter with Namvar individually.    Notwithstanding the engagement letter, (i) Mr.

1    Schaller performed no services for Namvar or the Debtor or any related entities while at JMBM, (ii)

2    JMBM has never represented Namvar and has never rendered any services on behalf of Namvar at

3    any time, and (iii) JMBM has never billed to or been paid any fees or costs by Namvar.

4    Notwithstanding the foregoing, JMBM shall establish an "ethical wall" and a passcode protected

5    "electronic wall" to prevent any sharing of electronic information and files, whereby Mr. Schaller

6    will not have access to any electronic information or files or paper files relating to JMBM's

7    representation of the Namco Trustee and the bankruptcy estate in this matter.   Moreover, Mr.

8    Schaller shall not perform any services in connection with these bankruptcy cases, and Mr. Schaller

9    and the professionals at JMBM working on these cases shall not communicate or exchange any

10   information between them regarding the Debtor, Namvar, his related entities or any services

11   performed by JMBM in during the course of these bankruptcy cases.

12         (c)    JMBM has and continues to represent Trifish LLC in connection with obtaining

13   building permits for a residential lot in Brentwood, California. The principal of Trifish LLC is Sean

14   Namvar, the brother of Ezri Namvar. JMBM does not represent Sean Namvar individually.  JMBM

15   does not represent Trifish in any other matter and other than set forth in (d) below, has not

16   previously represented Trifish in any other matter.  JMBM will not represent the estate, Trifish or

17   Sean Namvar in any matter wherein such parties may become adverse; such matters, if any, will be

18   handled by other counsel retained by the bankruptcy estate.

19         (d)    In 2007, JMBM represented Robeworks International, Inc., Sean Namvar and other

20   unrelated parties (the "Bidders") in connection with a bid to purchase real property in a chapter 11

21   bankruptcy case.   Trifish provided the funds for the deposit on the offer for such property.   The

22   Bidders were not the successful bidders, the deposit was returned to Trifish and the representation

23   concluded in or about October 2007.

24         (e)    JMBM represents Cal 8 Investors, LLC ("Cal 8"), which  entity is the holder of a 55

25   year lease of the ground and improvements thereon which comprise the Hotel Angeleno in West

26   Los Angeles. The members of Cal 8 are Greg Perlman and Joanna Perlman which individuals have

27   no relation to Namvar or the Debtor. JMBM's representation of Cal 8 is unrelated to Namvar or the

28   Debtor, namely land use issues concerning outside lighting for the hotel. I am informed and believe

1    that one or more non-debtor LLCs that Namvar or his family members may have an interest in are

2    the direct or indirect owners and lessors of the real property and improvements thereon which

3    comprise the hotel. JMBM will not represent the estate or Cal 8 in any matter wherein such parties

4    may become directly adverse to each other; such matters, if any, will be handled by other counsel

5    retained by the bankruptcy estate.

6         (f)    JMBM has and continues to represent Omninet Properties Manchester Center, LLC

7    ("OPMC") in connection with a real estate project in Fresno, California. Omninet is a joint venture

8    partner in this property with Fresman, LLC. I am informed and believe that Namvar is the manager

9    of Fresman, LLC, and Namvar or his affiliates have an ownership interest in Fresman, LLC. The

10    venture is scheduled as owing the Debtor $95.00. JMBM has and continues to represent Omninet

11    Capital, LLC ("Omninet"), an affiliate of OPMC in various matters unrelated to the Debtor or

12    Namvar. JMBM will not represent the estate, OPMC or Omninet in any matter wherein such

13    parties may become directly adverse to each other; such matters, if any, will be handled by other

14    counsel retained by the bankruptcy estate.

15         (g)    In 2007 JMBM represented a borrower of Security Pacific Bank and a guarantor of

16    the loan in an out of court workout. I am informed and believe that Security Pacific Bank, now in

17    receivership with the FDIC, was wholly owned (indirectly) by Namvar. That matter was concluded

18    by JMBM in or about late 2007.

19         (h)    JMBM has and continues to represent the FDIC as litigation and bankruptcy counsel,

20    as receiver for Security Pacific Bank, in connection with two bankruptcy cases regarding a now-

21    defaulted construction loan made by Security Pacific Bank to Maria Vista Estates (now a chapter 7

22    debtor) which loan was guaranteed by an Erik Benham (now a chapter 11 debtor). JMBM also

23    represents the FDIC in matters wholly unrelated to Namvar or the Debtor. JMBM will not represent

24    the estate or the FDIC in any matter wherein such parties may become directly adverse to each

25    other; such matters, if any, will be handled by other counsel retained by the bankruptcy estate.

26         (i)    JMBM was retained by Farmamarz Massachi, a creditor whose claim of

27    approximately $690,000 was secured by a pledge of a promissory note, in the face amount of

28    $600,000, executed by Donner Pass, LLC, an entity owned by a brother of Namvar, which note was

1    secured by a deed of trust encumbering certain real property owned by the Donner Pass entity.

2    JMBM prepared and filed a motion for relief from the automatic stay on behalf of Mr. Massachi in

3    this case. On May 8, 2009, JMBM and Mr. Massachi executed a Substitution of Attorney pursuant

4    to which Robert Bass of Greenberg & Bass supplanted JMBM as counsel for Mr. Massachi in

5    connection with this matter. JMBM also represents Mr. Massachi concerning collection of a note

6    against an entity wholly unrelated to Namvar or the Debtor. The original holder of the note was

7    Pacific Union Bank, which note was then acquired by Hanmi Bank, who then sold the note to Seven

8    Mills, LLC. I am informed and believe that Sean Namvar is the manager of Seven Mills. Seven

9    Mills assigned the note to Mr. Massachi in October of 2005. JMBM will not represent the estate or

10    Mr. Massachi in any matter between them related to these bankruptcy cases; such matters, if any,

11    will be handled by other counsel retained by the bankruptcy estate.

12         (j)    JMBM previously represented an entity by the name of Calabasas Development in a

13    potential real estate project. Based upon the conflict search it appears that Namvar may have had

14    some interest in the project as he is listed as an "interested person". Namvar was not JMBM's client

15    and did not direct the work. JMBM's services in connection with this matter were very minor and

16    concluded in 2007.

17         (k)    JMBM previously represented an entity by the name of KD Partners, LLC in a real

18    estate project. Based upon the conflict search it appears that Namvar may have had some interest in

19    the project as he is listed as an "interested person". Namvar was not JMBM's client and did not

20    direct the work. JMBM's services in connection with this matter were very minor and concluded in

21    2007.

22         (l)    JMBM was retained in 2008 by an individual to pursue claims against the Namvar

23    Family Trust. Steven Spector was the attorney at JMBM responsible for this engagement. Mr.

24    Spector left JMBM in February 2009 and this matter was transferred to Mr. Spector's new firm.

25    JMBM billed and collected approximately $3,100 regarding this matter.

26         (m)    JMBM has represented Werner Publishing as a tenant regarding a property managed

27    by an entity called Pentaco, a Namvar affiliate. The property is the Wilshire Bundy Building at

28

1    12121 Wilshire Boulevard, Los Angeles, California.  The owner of the building is comprised of

2    eight nondebtor LLCs each of which I am informed are affiliated with Namvar in some way.

3    JMBM also represents Werner Publishing in other matters unrelated to Namvar or the Debtor.

4    JMBM will not represent the estate or Werner Publishing in any matter wherein such parties may

5    become directly adverse to each other; such matters, if any, will be handled by other counsel

6    retained by the bankruptcy estate.

7        (n)    JMBM currently represents Starpoint Properties in matters unrelated to Namvar and

8    the Debtor.  Starpoint is a plaintiff in litigation pending against Namvar, the Debtor and others.

9    JMBM will not represent the estate or Starpoint in any matter wherein such parties may be directly

10   adverse to each other; such matters, if any, will be handled by other counsel retained by the

11   bankruptcy estate.

12       (o)    JMBM currently represents Kambiz Babaoff in matters unrelated to Namvar and the

13   Debtor.  Mr. Babaoff is a former director of the Debtor.  Mr. Babaoff became a director of the

14   Debtor postpetition for a short period of time.  JMBM will not represent the estate or Mr. Babaoff in

15   any matter related to these bankruptcy cases; such matters, if any, will be handled by other counsel

16   retained by the bankruptcy estate.

17       (p)    JMBM was contacted in April 2009 regarding the possible representation of LA

18   Hotel Venture, LLC, the owner of the Los Angeles Downtown Marriott Hotel, in a chapter 11

19   bankruptcy case.  JMBM did not receive any confidential information regarding this inquiry and did

20   not file the chapter 11 case on behalf of LA Hotel Venture, LLC.

21       17.    No single creditor or party in interest client of JMBM referenced above accounted

22   for more than 1% of JMBM's gross revenues for the past twelve (12) months.

23       18.    To the best of my knowledge, and except as set forth above, JMBM does not and has

24   not represented any entities in any matters adverse to the Debtor, its creditors or the bankruptcy

25   estate.  To the extent any actual conflict arises in the future, such matter will be handled by other

26   counsel retained by the bankruptcy estate.  In the event any actual conflict arises, JMBM will

27   promptly inform the Committee, Court and the U.S. Trustee.

28

PRINTED ON
RECYCLED PAPER

6126447v1

19.    Furthermore, to the best of my knowledge, information and belief, none of the professionals comprising or employed by JMBM is related to any judge of the United States Bankruptcy Court of this District, the U.S. Trustee or any person employed in the Office of the U.S. Trustee.

20.    Based upon the foregoing, I believe that as of the date of execution of this declaration, JMBM is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code, who represents no interest adverse to the bankruptcy estate that gives rise to a conflict of interest and JMBM has no interest materially adverse to the interests of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or any party, or for any other reason.

21.    JMBM has not shared or agreed to share compensation for its representation of the Trustee with any other person, except as among its members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 13th day of May 2009 at Los Angeles, California.

_____
DAVID M. POITRAS

PRINTED ON
RECYCLED PAPER

6126447v1

# EXHIBIT A

# JEFFER, MANGELS, BUTLER & MARMARO LLP

## Bankruptcy Department

*Partners:*

**JOSEPH A. EISENBERG P.C.**    ("JAE") born Garmisch, Germany, September 2, 1946; admitted to bar, 1972, California, U.S. District Court, Central District of California and U.S. Court of Appeals, Ninth Circuit.  Education: University of California at Berkeley (B.A., 1968); Boalt Hall School of Law, University of California (J.D., 1972).  Member: Los Angeles County and American Bar Associations; The State Bar of California; Financial Lawyers Conference; Board of Directors of Los Angeles Bankruptcy Forum; Judicial Appointments Committee of the Los Angeles County Bar Association.  Guest Lecturer: The Rutter Group, Los Angeles County Bar Association, 1983, "Getting Results in Bankruptcy, Chapters 11 and 13"; Rutter Group in connection with Orange County and Los Angeles County Bar Associations, 1984, "Straight Bankruptcy"; Rutter Group in conjunction with the Los Angeles County Bar Association, 1985, "Bankruptcy: Pre-Petition Planning and Exemptions"; Professional Education Systems, 1983, "California Collection Law and Bankruptcy"; University of Southern California Computer Law Institute, 1985, "The Insolvency Laws and the Computefr Industry"; U.C.L.A. Extension, 1985, "The Music Industry and Bankruptcy"; Financial Lawyers Conference, Las Vegas, Nevada, 1984, "Recent Developments in Executory Contracts"; University of Southern California Real Estate Tax and Accounting Conference, November, 1992, "Asset Protection Strategies, 1992"; Annual Speaker at PESI Seminar 1993 - 1998, "Ninth Circuit Bankruptcy Symposium."; "Survival Tactics in the Courtroom of Bankruptcy Judge March:  The New Mandatory Relief From Stay Forms; Avoiding Disgorgement of Fees; and Other Intellectual Property", Los Angeles Bankruptcy Forum, Los Angeles, California, June, 1998; "Ethical Issues Representing Insolvent Businesses Outside of Bankruptcy: Nightmare, Folly or What?", Financial Lawyers Conference, Los Angeles, California 1999; 1999 AICPA National Restaurants and Bars Conference, June 14, 1999.

**JOHN A. GRAHAM** ("JAG")    University of San Diego, J.D., 1976; Pennsylvania State University, B.A., 1972.  Judge Pro Tem, Los Angeles Superior Court, 1993-1995; Judge Pro Tem, Los Angeles Municipal Court, 1989-1992; Member of the Board of Directors of the Los Angeles Bankruptcy Forum (1994-1996); Member of Financial Lawyers Conference; Member of Orange County Bankruptcy Forum; Member of American Bankruptcy Institute; Pepperdine University School of Law – Institute of Dispute Resolution graduate; Court Appointed Mediator, United States Bankruptcy Court Mediation Program.  Practice emphasizes representation of financial institutions in commercial finance matters, including lending transactions, major workouts and Chapter 11 reorganizations involving income-producing properties such as hotels, office towers and apartment complexes; Commercial Law, Uniform Commercial Code, including Article 9 secured transactions and problem-solving in commercial/secured transactions; Real Estate secured transactions, including problem-solving in one-action rule, security-first rule, anti-deficiency statutes, and mixed-collateral foreclosures; Complex federal and state court litigation relating to commercial law, lender liability claims, fraudulent business schemes, and fraudulent conveyances.  Represented Union Bank in appeal US Supreme Court in *Union Bank v. Wolas*, 502 U.S. 151 (1991), which resulted in a unanimous decision in favor of petitioner Union Bank; Represented clients in many national Chapter 11 reorganizations, including such cases as *Alamo Rent a Car, Storage Technology Corporation, NuCorp Energy, Maxicare,* and *Leisure Technology.*  Retained by Visa and Mastercard to represent credit card industry on an issue of national signficance regarding bankruptcy fraud standards.  *Household Credit Services, Inc. v. Christopher W. Ettell; Marla Ettell,* 188 F.3rd 1141 (9th Cir. 1999).  Represented the American Bankers Association, California Bankers Association, and the California League of Savings Institutions in their amicus brief to the US Supreme Court in *Timbers of Inwood Forest,* 484 U.S.

365 (1988).    Represented Official Committee of Unsecured Creditors in the *Parker North American* case which resulted in a favorable Ninth Circuit opinion protecting attorney-client privilege between creditors committees and counsel (*Marcus v. Parker*, 978 F.2d 1159 (1992).

**DAVID M. POITRAS** ("DMP")  Suffolk University, Boston, MA (B.A. 1985).  Loyola Law School (J.D. 1988).  Member,  Massachusetts Bar Association, State Bar of California, Los Angeles County Bar, Beverly Hills Bar Association, Century City Bar Association, American Bar Association, Financial Lawyers Conference, Los Angeles and Orange County Bankruptcy Forums, American Bankruptcy Institute, Turnaround Management Association and Insol International.    Practice  Emphasis:    all  areas  of  bankruptcy  (debtors,  creditors, creditor/bondholder/equity committees, asset acquirers and trustees), receiverships and out-of court workouts, with a particular emphasis in representing debtors and creditors in complex chapter 11 business reorganizations and out-of-court workouts.

**THOMAS M. GEHER** ("TMG").  University of Denver (B.A., 1984).  Pepperdine University School of Law (J.D., 1987);  American Jurisprudence Award, Commercial Law, 1987.  Member, California State Bar Association;  United States District Court for the Central, Eastern, and Southern Districts of California;  United States Court of Appeals for the Ninth Circuit;  Los Angeles County Bar Association.    Practice emphasizes business and bankruptcy litigation, insolvency and creditors rights.

**CAROLINE R. DJANG** ("CRD").  University of Pennsylvania (B.A. 1996); Loyola Law School, Los Angeles (J.D. 2001).    Law Clerk, United States Bankruptcy Court, Central District of California (2001-2008).  Member, Los Angeles Bankruptcy Forum, the International Women's Insolvency & Restructuring Confederation (IWIRC), State Bar of California, Los Angeles County Bar Association.

**BRIAN W. BYUN** ("BWB").  J.D., 2006, *with honors*, George Washington University Law School (J.D., 2006, *with honors*), George Washington University Law School (M.A., 2002), Columbia University, B.A., (1996).  Member: Yale University Member: American Bankruptcy Institute, American Bar Association (Business Law Section); State Bar of New York.

6149045v1

*Paralegal:*

**WILMA ESCALANTE** ("WEI") Paralegal with more than 20 years of legal experience primarily in bankruptcy and commercial litigation; previously a bankruptcy and litigation paralegal at Peitzman, Weg & Kempinsky LLP and Frandzel & Share. Southern Illinois University (B.A. 1976); paralegal training at El Camino College.

**JUANITA TRESHINSKY** *("JT5")* Paralegal with more than 10 years paralegal experience in bankruptcy; previously a bankruptcy paralegal at Danning, Gill, Diamond & Kollitz, LLP; California Lutheran University (B.A.2007); obtained paralegal certificate at University of California Los Angeles Extension Program (1998).

6149045v1

# EXHIBIT B

## JEFFER, MANGELS, BUTLER & MARMARO LLP

Hourly Rates

Attorneys:                                              As of January 1, 2009

| | |
|---|---|
| Joseph A. Eisenberg | $775.00 |
| John A. Graham | $625.00 |
| David M. Poitras | $595.00 |
| Thomas M. Geher | $525.00 |
| Caroline Djang | $345.00 |
| Brian Byun | $315.00 |

Paralegals:

| | |
|---|---|
| Wilma Escalante | $190.00 |
| Juanita Treshinsky | $225.00 |

| In re: | CHAPTER 11 |
| NAMCO CAPITAL GROUP, INC.                    Debtor(s). | CASE NUMBER 2:08-bk-32333-BR |
| | (Jointly Administered with Case No. 2:08-bk-32349-BR) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

The foregoing document described **NOTICE OF APPLICATION AND APPLICATION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE EMPLOYMENT OF JEFFER, MANGELS, BUTLER & MARMARO LLP AS GENERAL BANKRUPTCY COUNSEL FOR CHAPTER 11 TRUSTEE; DECLARATIONS OF GORDON SCHALLER AND DAVID M. POITRAS;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 13, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On May 13, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 13, 2009 | Billie Terry | |
| Date | Type Name | Signature |

**SERVICE LIST**

NAMCO CAPITAL GROUP INC.
Bankruptcy Case No. 2:08-bk-32333-BR

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Christine E Baur    christine.e.baur@bakernet.com,
  tracey.l.angelopoulos@bakernet.com;anne.w.hamann@
  bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.m
  ackie@bakernet.com
- Michael Jay Berger
  michael.berger@bankruptcypower.com,
  michael.berger@bankruptcypower.com
- Gillian N Brown    gbrown@pszjlaw.com,
  gbrown@pszjlaw.com
- Shirley Cho    scho@pszjlaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Alicia Clough    alicia.clough@kayescholer.com
- Yona Conzevoy    yconzevoy@dwclaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com,
  calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Joseph A Eisenberg    jae@jmbm.com
- Michael G Fletcher    mfletcher@frandzel.com,
  efiling@frandzel.com;shom@frandzel.com
- Heather Fowler    heather.fowler@lw.com
- Jon H Freis    jon@jhflaw.net
- Sandford Frey    Sfrey@cmkllp.com
- Vanessa B Fung    vfung@sobini.com
- Philip A Gasteier    pgasteier@rdwlawcorp.com
- Barry S Glaser    bglaser@swjlaw.com
- Steven Glaser    sglaser@wwllp.com
- Robert P Goe    kmurphy@goeforlaw.com
- M Jonathan Hayes    jhayes@polarisnet.net
- Eric P Israel    eisrael@dgdk.com
- Seymone Javaherian    sj@javlaw.com
- Ira Benjamin Katz    Ikatz@katzlaw.net
- Stuart I Koenig    Skoenig@cmkllp.com
- John P Kreis    jkreis@attglobal.net
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Pamela Labruyere    pamela@sgsslaw.com
- Dare Law    dare.law@usdoj.gov
- Jennifer Leland    jleland@pwkllp.com
- Elmer D Martin    elmermartin@msn.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com
- Hal M Mersel    mark.mersel@bryancave.com
- Elissa Miller    emiller@sulmeyerlaw.com
- Ali M Mojdehi    ali.m.m.mojdehi@bakernet.com,
  christine.e.baur@bakernet.com;andrew.mcdermott@ba
  kernet.com;anne.w.hamann@bakernet.com;jane.b.mac
  kie@bakernet.com

- Susan I Montgomery
  susan@simontgomerylaw.com
- Monserrat Morales    mmorales@pwkllp.com
- Randall P Mroczynski    randym@cookseylaw.com
- Vicente Matias Murrell    murrell.vicente@pbgc.gov
- David Norouzi    david@norouzi.us
- Scott H Noskin    snoskin@mirmanbubman.com
- William Novotny    william.novotny@mwmf.com
- Sam S Oh    sam.oh@limruger.com,
  alisia.dunbar@limruger.com
- Jenny Y Park Garner    jpark@sheppardmullin.com
- Penelope Parmes    pparmes@rutan.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Leo D Plotkin    lplotkin@lsl-la.com
- David M Poitras    dpoitras@jmbm.com
- Uzzi O Raanan    uor@dgdk.com
- Christopher S Reeder    creeder@reederlugreen.com
- Jeremy E Rosenthal    jrosenthal@sidley.com
- Gregory M Salvato    gsalvato@pmcos.com
- Bruce S Schildkraut    bruce.schildkraut@usdoj.gov
- Benjamin Seigel    bseigel@buchalter.com,
  IFS_filing@buchalter.com
- David B Shemano    dshemano@pwkllp.com
- Nico N Tabibi    nico@tabibilaw.com
- Sam Tabibian    sam.tabibian@gmail.com
- Derrick Talerico    dtalerico@loeb.com,
  kpresson@loeb.com;ljurich@loeb.com
- Alan G Tippie    atippie@sulmeyerlaw.com,
  jbartlett@sulmeyerlaw.com
- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov
- Howard J Weg    hweg@pwkllp.com
- Beth Ann R Young    bry@lnbrb.com
- Afshin Youssefyeh    ady@adylaw.com

## II. **SERVED BY OVERNIGHT MAIL**

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 East Temple St., Suite 1660
Los Angeles, CA 90012-3332

## II. **SERVED BY U.S. MAIL**

Debtor
NAMCO Capital Group, Inc.
12121 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

Debtor
Ezri Namvar
12855 Parkyns Street
Los Angeles, CA 90049

Trustee for the Estate of Ezri Namvar
R. Todd Neilson,  Chapter 11 Trustee
LECG, LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

Attnys for the Chapter 11 Trustee R. Todd Neilson re Ezri Namvar
Hamid R. Rafatjoo, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, #1100
Los Angeles, CA 90067-4100

Attnys for Ezri Namvar
Stephen F. Biegenzahn
Law Offices of Stephen F. Biegenzahn
4300 Via Marisol, Suite 764
Los Angeles, CA 90042

Attnys for Official Committee of Unsecured Creditors of Ezri Namvar
Leonard M. Shulman
Melissa R. Davis
26632 Towne Center Drive Suite 300
Foothill Ranch, CA 92610

Attnys for Official Committee of Unsecured Creditors of Namco Capital Group, Inc.
Sandford L. Frey (NEF)
Stuart I. Koenig
Creim Macias Koenig & Frey LLP
633 West Fifth Street, 51st Floor
Los Angeles, CA 90071

## II. **SERVED BY U.S. MAIL**

## **REQUEST FOR SPECIAL NOTICE**

Ronald E. Michelman, Esq.
Michelman & Michelman LLP
20265 Ventura Blvd., Suite D
Woodland Hills, CA 91364

Rochelle A. Herzog
15821 Ventura Blvd., Ste 515
Encino, CA 91436

David M. Morrow
c/o Stephen H. Marcus, Esq.
Gittler & Bradford
10537 Santa Monica Blvd., 3rd Floor
Los Angeles, CA 90025

Ronald L. Leibow, Esq.
Alicia Clough, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067-6048

Attnys for Alex Hakakian, ARTCH Properties, LLC, Nader &
Sons, LLC and Sisko Enterprises, LLC
Ron Bender, Esq.
Beth Ann R. Young, Esq./Krikor J. Meshefejian, Esq.
Levene Neale Bender Rankin & Brill LLP
10250 Constellation Blvd, Suite 1700
Los Angeles, CA 90067

Attnys for Bankfirst
David M. Wiseblood, Esq.
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105

Candace C. Carlyon, Esq.
Shea & Carlyon Ltd
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101

William Bates III, Esq.
Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, Ca 94303-2223

Attnys for Interested Party
Michael Abrams, Esq.
DeCastro, West et al.
10960 Wilshire Blvd., 14th Floor
Los Angeles, CA 90024

Attnys for R. Weintraub, et al.
Joel Samuels, Esq.
Sidley Austin LLP
555 W 5th Street
Los Angeles, CA 90013

Attnys for BHCommercial Capital, Inc.
Richard T. Baum, Esq.
11500 W Olympic Blvd., Ste 400
Los Angeles, CA 90064

Committee Member - Ezri Namvar
Mansour Alyeshmerni
9454 Wilshire Blvd.
Beverly Hills, CA 90212

II. **SERVED BY U.S. MAIL**

## COMMITTEE OF UNSECURED CREDITORS
## OF NAMCO CAPITAL GROUP

Abraham B. Assil Trust
1000 S Westgate Avenue #100
Los Angeles, CA 90049

Artech Properties, L.L.C.
Alex Hakakian, President
15478 Duomo Via
Los Angeles,CA 90077
c/o Ron Bender, Esq.
Levene, Neale, Bender, Rankin & Brill

Benjamin B. Efraim
1323 Lincoln Blvd., Suite 200
Santa Monica, CA 90401

Farhadian Family Trust
PO Box 7333
Newport Beach, CA 92658

Joseph Ghadir
3001 Beverly Glen Circle
Los Angeles, CA 90077

NAMCO CAPITAL GROUP INC.
Bankruptcy Case No. 2:08-bk-32333-BR

**LIST OF CREDITORS HOLDING 40 LARGEST UNSECURED CLAIMS**

Roxana Rastegar, The Rastegar Family Trust, Shabnam
Kimiabakshs, Michelle Kimiabakhsh and Jessica Kimiabakhsh
Attn: Solomon Rastegar
1005 Schuyler Road
Beverly Hills, CA 90210

RPM Investment, Haroon Hanasab and M&Y Management Inc.
Attn: Robert Hanasab
606 S. Olive Street, #600
Los Angeles, CA 90014

RPM Investment, Haroon Hanasab and M&Y Management Inc.
Attn: Robert Hanasab
1073 Linda Flora Drive
Los Angeles, CA 90049

Roya Boucherian
Attn: David Norouzi
17881 Puerto Vallarta
Encino, CA 91316

The Abulafia Trust
Attn: Hayim Abulafia
315 S Beverly Drive, Ste 301
Beverly Hills, CA 90212

4M Investments
1400 E Olympic Blvd.
Los Angeles, CA 90021

Elliott Sharaby
4481 N 41st Ct
Hollywood, FL 33021

Epsilon Electronics
1550 S Maple Avenue
Montebello, CA 90640

Canyon Spring Shopping Center LLC
Attn: Isaac Moradi
9301 Wilshire Blvd., #315
Beverly Hills, CA 90210

Abraham Assil
1000 S Westgate Avenue #10
Los Angeles, CA 90049

Eliaho Cohanim
Attn: Kambiz Kohanim
4609 Dunman Avenue
Woodland Hills, CA 91367

David Haghnazarzadeh and Blackhawk Properties
18210 Hatteras Street
Tarzana, CA 91356

David Golkar
575 Anton Blvd., #820
Costa Mesa, CA 92626

David Zarabi
523 N Rodeo Drive
Beverly Hills, CA 90210

All Century Inc.
15910 Ventura Blvd., #1505
Encino, CA 91436

Kamran Benji
506 Gretna Green Way
Los Angeles, CA 90049

David Taban
888 S Figueroa St #1900
Los Angeles, CA 90017

David York
11611 San Vicente Blvd #520
Los Angeles, CA 90049

1826 Nikoo Investments Ltd
Attn: Jacob Kohanzadeh
PO Box 260104
Encino, CA 91426

SRF Investment
Attn: Ramin Javahery
5526 S Soto
Vernon, CA 90058

Ramin Gabayan
16351 Sloan Drive
Los Angeles, CA 90049

Behzad Khavarani
8642 Gregory Way #206
Los Angeles, CA 90025

LTLR Inc.
Attn: Louis Kastenbaum
121 N Oakhurst Drive
Beverly Hills, CA 90210

Safco Holdings
1850 S Sepulveda Blvd #200
Los Angeles, CA 90025

Esko LLC
11950 San Vicente Blvd. #200
Los Angeles, CA 90049

Hertsel Babajooni
PO Box 491335
Los Angeles, CA 90049

Kamran Gharibian
1110 Shadow Hillway
Beverly Hills, CA 90210

Sohrab Shakib
16861 Ventura Blvd., #303
Encino, CA 91436

Joseph Haghnazarzadeh
521 N Mountain Ave #E
Upland, CA 91786

Ruben Melamed
4801 W Jefferson Blvd
Los Angeles, CA 90016

Shayfar Financial Services
Attn: Joseph Shayfar
14250 Ventura Blvd., 2nd Floor
Sherman Oaks, CA 91423

Anthony Mirzaie
2601 Venture Drive
Norman, OK 73069

Henry Shahery
1014 Pamera Drive
Beverly Hills, CA 90210

LA Top Convenient Stores
441 S Los Angeles Street
Los Angeles, CA 90013

Said Pakravan
3131 Antelo Road
Los Angeles, CA 90077

Ozora Trading
Attn: Herzl Rahmanizadeh
PO Box 67657
Los Angeles, CA 90067

Mehrnaz Hekmatravan
130 N. Swall
Beverly Hills, CA 90211

David Haghani
1855 Lincoln Blvd.
Santa Monica, CA 90404

Mayer Separzadeh
807 E 12th Street #401
Los Angeles, CA 90021

Mansour Issakharian
10790 Wilshire Blvd., #1102
Los Angeles, CA 90024

Yamin Family Trust
Attn: Mansour Yamin
640 Clinton Place
Beverly Hills, CA 90210

Abraham B. Assil Trust
1000 S Westgate Avenue #100
Los Angeles, CA 90049