WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
John T. Madden, State Bar No. 260213
jmadden@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Attorneys for Movant
Roya Boucherian

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>      Debtor. | Case No. 2:08-bk-32333-BR<br><br>Chapter 11 Case<br><br>**REPLY TO CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY ROYA BOUCHERIAN**<br><br>**HEARING:**<br>Date: August 4, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Roya Boucherian ("Movant") hereby replies to Chapter 11 Trustee's Opposition to Motion for Relief From the Automatic Stay Filed by Roya Boucherian (the "Reply").[1]

---

[1] This Reply is timely filed in accordance with an agreement between Movant and the Trustee (the "Agreement"). The Agreement reflects a prior understanding between Movant and the Trustee that extended the deadline for the Trustee to file his opposition to the Motion to and including July 23, 2009. The Agreement also extends the time for Movant to file this Reply to and including July 30, 2009.

320389.1                           REPLY TO OPPOSITION

## I. INTRODUCTION

Movant, in her *Motion for Relief from the Automatic Stay* (the "Motion"), seeks an order of this Court terminating the automatic stay to foreclose upon the interest held by Namco Capital Group, Inc., ("Debtor") in three promissory notes payable to Debtor by Namwest Town Lakes, LLC ("NTL") and Namwest Town Lakes II, LLC ("NTL II") (collectively, the "Notes").[2] The Notes, assigned by Debtor to Movant, are in the amounts of $27,000,000, $13,000,000, and $6,000,000, and are secured by three deeds of trust against two parcels of undeveloped real property in Tempe, Arizona (the "Tempe Property"). As set out more fully in the Motion, Movant simply seeks relief from the automatic stay to conduct a Uniform Commercial Code ("UCC") sale of the Notes to consummate her forbearance agreement and debtor in possession ("DIP") financing with the owners of the Tempe Property. The Trustee acknowledges that the Tempe Property is valuable, and is one of the more significant proprieties of the Debtor's extensive loan portfolio. (Chapter 11 Trustee's Opposition to Motion for Relief From the Automatic Stay Filed by Roya Boucherian ("Trustee's Opposition") 1:15-17.) Consequently, the Motion is simply a vehicle employed by a creditor to retrieve value from the Debtor's estate, and is clearly not an attempt to "seek[] leverage against the Trustee." (*See* Trustee's Opposition 8:14.) In fact, Movant is attempting to enhance the value of the Tempe Property by providing the DIP loan so that the real properties can be fully entitled and marketed for sale during the forbearance period.

The Trustee's Opposition is founded on two arguments, both of which are refuted by relevant legal authority, the facts of this case, and Movant's documentary evidence. First, the Trustee contends that Movant has not met her burden of proof that Movant is not adequately protected as Movant has not submitted evidence of value of the Tempe Property, or the Notes. The value of the underlying real property, however, is irrelevant because Debtor is not the owner of the real property at issue. Rather, Debtor was an

---

[2] All capitalized undefined terms herein shall have the same meaning assigned to them in the Motion.

320389.1          2          REPLY TO OPPOSITION

alleged lender, and Debtor claims an interest in the <u>loan documents</u> executed by NTL and NTL II. As stated in the Motion, at least one of the borrowers (NTL II) contends that two of the promissory notes assigned to Movant were never funded by Debtor. Therefore, the relevant issue for the Court is whether Debtor has any equity or interest in the Notes. Movant submits that Debtor does not have any equity in the Notes because: (i) the Notes have been irrevocably assigned to Movant by virtue of the executed allonges and delivery of the original Notes; and (ii) because Debtor has failed to submit any evidence that it funded the Notes. Alternatively, Movant has provided satisfactory evidence under the flexible standard of "cause," that "cause" exists for relief from the automatic stay. Moreover, Movant has highlighted a threatened decline in the value of the collateral, and illustrated that Debtor has made no payments on its debt to Movant. Movant has satisfied her burden under 11 U.S.C. § 362(d)(1).

        Second, the Trustee contends that Movant must produce the original NTL and NTL II Notes to prove any perfected interest in the collateral upon which Movant seeks to foreclose. As discussed in the Motion, Movant is in possession the original Notes, can provide evidence of the date she took possession of the Notes, and Movant will make the Notes available at the hearing on the Motion for the Court and the Trustee to review. Therefore, Trustee's second basis for the Trustee's Opposition will evaporate with Movant's production of the original Notes.

        Apart from substantive legal argument, the Trustee asserts that the allonges to the Notes are undated. (Trustee's Opposition, 4:1; 5:4, 20.) This assertion, however, lacks a measure of accuracy. The allonges reflect a date entry of "November ____ 2007." *See* Motion, Exhibit D, p. 48-50. By executing the allonges and endorsing the Notes in favor of Movant, Debtor relinquished any and all of its interest in the Notes, and the fact that the individual executing the allonges did not insert the day of the month of their execution does not diminish the enforceability of the allonges or the impact of the endorsements. Importantly, the Trustee does <u>not</u> contend that the incomplete date serves to render the allonges ineffective.

## II. LEGAL ARGUMENT

The first basis for the Trustee's Opposition will be summarily resolved by Movant's production of the original Notes on the date set for the hearing on the Motion. (*See* Trustee's Opposition 9:27; 10:1-3.) As Movant possesses, and will produce, the original Notes at the hearing on the Motion, an extended discussion of the Trustee's argument on this point is not warranted by this Reply.

### A. Movant's Possession of the Original Notes Confers Upon Her the Right To Enforce the Notes

As discussed in greater detail in the Motion, the UCC, as adopted by California and Arizona states: "'Negotiation' means a transfer of possession...to a person who thereby becomes its holder. B. . . if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." *See* CAL. COMM. CODE § 3201 and ARIZ. REV. STAT. § 47-3201.

Furthermore, UCC §§ 3-203(b) and 3-301 provide, respectively:

"Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course. . . ." "'Person entitled to enforce' an instrument means (a) the holder of the instrument. . . ."[3] UCC § 3-308 (b) provides in pertinent part: "a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 3301. . . ." Comment 2 to UCC § 3-308 states: "If a plaintiff producing the instrument proves entitlement to enforce the instrument, either as a holder or a person with rights of a holder, the plaintiff is entitled to recovery unless the defendant proves a defense or claim in recoupment." Simply stated, the person holding the original

---

[3] California and Arizona have adopted both sections of the UCC. UCC § 3-203(b) is adopted by CAL. COMM. CODE § 3203, and by the state of Arizona through ARIZ. REV. STAT. § 47-3203. UCC § 3-301 is adopted by CAL. COMM. CODE § 3301 and by the state of Arizona through ARIZ. REV. STAT. § 47-3301.

promissory note, or an endorsement, has the right to enforce the promissory note and collect all sums due thereunder.

In this case, Movant has possession of the original promissory notes. Moreover, Movant received endorsements making the promissory notes payable to her. As such, Movant alone has the right to enforce the Notes. In other words, Debtor has no interest in the assigned promissory notes.

In addition, pursuant to the holding in *Norfolk Shipbuilding & Drydock Corp. v. Carlyle (In re Carlyle)*, 242 B.R. 881 (Bankr. D. Va. 1999), Movant is entitled to relief from the automatic stay to enforce her rights. In *In re Carlyle*, the court relied on § 8.3A-203 of the Virginia Code and held: "Accordingly, this section makes plain that (i) an instrument is transferred when someone other than its issuer delivers the instrument for the purpose of giving the right to enforce the instrument, and (ii) transfer of the instrument, whether or not the transfer is a negotiation, vests any right to enforce the instrument in the transferee." *Id.* at 887.[4] The court also held that there was sufficient evidence of transfer of the negotiable instrument to the creditor, even though the debtor had not "indorsed" the negotiable instrument in favor of the creditor. Thus the court, relying on the transfer of the negotiable instrument to the creditor alone, held that the creditor was entitled to relief from the automatic stay.

The holding of *In re Carlyle* has even greater applicability to the facts of this case because Movant is in possession of the original promissory notes and the promissory notes were "indorsed" in her favor. Therefore, just as the creditor in *In re Carlyle* was entitled to relief from the automatic stay, so is Movant.

---

[4] VA. CODE. ANN. § 8.3A-203 is identical to CAL. COMM. CODE § 3203 and ARIZ. REV. STAT. § 47-3203, as discussed, *supra*.

### B. Movant Does Not Need To Offer Any Evidence Regarding the Value of the Tempe Property Because Debtor Has No Interest or Equity in the Assigned Collateral

The second basis for the Trustee's Opposition is the Trustee's contention that Movant is adequately protected, and, consequently, the Motion must be denied. (*See* Trustee's Opposition 9:8-9.) The Trustee contends that Movant has not submitted any evidence as to the value of the Tempe Property. However, the value of the underlying real property is irrelevant because Debtor is not the owner of the real property at issue. Rather, Debtor was an alleged lender, and as such, Debtor claims an interest in the <u>loan documents</u> executed by NTL and NTL II. As stated in the Motion, at least one of the borrowers (NTL II) contends that two of the promissory notes assigned to Movant were never funded by Debtor. Therefore, the relevant issue for the Court is whether Debtor has any equity or interest in the Notes. Movant submits that Debtor does not have any equity in the Notes because: (i) the Notes have been irrevocably assigned to Movant by virtue of the executed allonges and delivery of the original Notes; and (ii) because Debtor has failed to submit any evidence that it funded the Notes. In addition, the Trustee has failed to offer any evidence to refute the verified adversary complaint of NTL II that two of the assigned promissory notes were never funded. Movant appreciates the difficulty and magnitude the Trustee's task of administering the Debtor's estate. However, the transactions at issue are large loan transactions: $6,000,000; $13,000,000; and $27,000,000. If these large loans were actually funded by Debtor, evidence of this fact could easily be obtained from Debtor's bank statements.

Alternatively, through Exhibit "C" to her Request for Judicial Notice filed concurrently with the Motion, Movant produced evidence demonstrating a threatened

decline in the value of the collateral.[5] Through Movant's showing of a threatened decline in the value of the collateral, the burden of going forward and the ultimate burden of persuasion shifts to the Trustee to show that the collateral is not declining in value, and that Movant is adequately protected.[6] Thus, a mere conclusory assertion by the Trustee that "Movant is adequately protected" is insufficient to satisfy the Trustee's burden of persuasion. (*See* Trustee's Opposition 9:8.) Further, the Trustee has the burden of proof to demonstrate that the Tempe Property and the Notes are necessary to an effective reorganization of the Debtor. *See* §§ 362(d)(2)(B), 362(g). The Trustee has not offered proof that the collateral is necessary for an effective reorganization of the Debtor.

The Trustee's Opposition makes repeated references that the transactions are under investigation by the Trustee. Certainly, the Trustee has the right to investigate all of these transactions, and nothing in the Motion seeks to inhibit or modify the Trustee's rights in this regard. Movant merely seeks relief so that she can consummate her settlement with NTL II, provide DIP financing to NTL II to complete the entitlement process with respect to the real property at issue, and extend a forbearance period of twelve to fourteen months to the owners of the real properties to market and sell the properties. Consequently, the Trustee has the entire forbearance period (twelve to fourteen months) to complete his investigations with respect to the transactions at issue.

### C. **Movant Has Demonstrated Sufficient Cause for the Court's Termination of the Automatic Stay**

Section 362(d) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

---

[5] *See* 3 COLLIER ON BANKRUPTCY, ¶ 362.10 (Lawrence P. King ed., 15th ed. rev. 2000) ("[I]f a movant relies on a lack of adequate protection as grounds for relief, the movant must demonstrate a decline or a threatened decline in the value of the collateral.").

[6] *See id.*

>             (1) <u>for cause</u>, including the lack of adequate protection
> of an interest in property of such party in interest (emphasis
> added).

Because "cause" is not defined in the Bankruptcy Code, the Court has broad discretion to determine whether "cause" exists to lift the stay. *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566 (9th Cir. B.A.P. 1995). "Cause" is not statutorily defined, but is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).[7] Moreover, the use of the word "cause" suggests an intention that the bases for relief from the stay should be broader than merely the lack of adequate protection.[8]

Movant has provided uncontroverted evidence that "cause" exists from relief from the automatic stay. Movant has provided evidence that since October 1, 2008, the Debtor has been in breach of its obligations under the Notes by failing to make any interest payment as required under the terms of the Notes. As such, Movant has lost a significant amount of interest income as a result of the delay in the proceedings. The default monthly interest payment due to Movant is $122,708.33. Currently, Movant is owed in excess of $1,227,000 in unpaid interest. Accordingly, Movant has sufficiently demonstrated "cause" for the Court's termination of the automatic stay.

**D.    <u>Movant's Alleged Second Position On a Portion of the Tempe Property Requires the Requested Relief to Protect Movant's Rights</u>**

Furthermore, there is a substantial risk and prejudice to Movant if the Motion is not granted. As illustrated by the Trustee's Opposition, Debtor is the owner of an alleged first deed of trust recorded against the NTL property in the approximate face amount of $2,780,000. (*See* Trustee's Opposition 6:11-13.) The Trustee has indicated that he may

---

[7] *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996) ("The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court . . ."); *In re A Partners, LLC*, 344 B.R. 115, 127 (Bankr. E.D. Cal. 2006) ("The term 'cause' as used in § 362(d)(1) is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003) (citing *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995))).

[8] *See* 3 COLLIER ON BANKRUPTCY, ¶ 362.7 (Lawrence P. King ed., 15th ed. rev. 2000).

320389.1                                      8                              REPLY TO OPPOSITION

1 foreclose against the first deed of trust, and, consequently, Movant requires the relief
2 requested by the Motion to exercise her rights as an alleged second deed of trust holder
3 in the event Debtor proceeds with foreclosure proceedings against the first deed of trust.

## III. CONCLUSION

Based on the facts and circumstances described and authorities cited in the Motion and in this Reply, Movant respectfully requests that the Court issue an order terminating the automatic stay to allow Movant to exercise all of her state law rights and remedies, foreclose against her beneficial interest in the Assigned Collateral, and proceed with her UCC sale of the Assigned Collateral. Movant requests that the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code, and upon any bankruptcy trustee which may be appointed, and that the 10-day stay described by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

Dated: July 30, 2009

Respectfully submitted,

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: _____
JOHN T. MADDEN
Attorneys for Movant,
Roya Boucherian

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-32333-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 TOWN CENTER DRIVE, SUITE 950, COSTA MESA, CA 92626

A true and correct copy of the foregoing document described as **REPLY TO CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY ROYA BOUCHERIAN** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On July 30, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Mail
The Honorable Barry Russell
United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

Via Overnight Mail
Bradley D. Sharp
Development Specialist, Inc.
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1524

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 7/30/09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed
The Honorable Barry Russell
United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 30, 2009 | Terri Jones | /s/ Terri Jones |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-32333-BR |

## Via Notice of Electronic Filing ("NEF")

Raymond H Aver    ray@averlaw.com
Robert D Bass    rbass@greenbass.com
Christine E Baur    christine.e.baur@bakernet.com, tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.mackie@bakernet.com
Michael Jay Berger    michael.berger@bankruptcypower.com, michael.berger@bankruptcypower.com
Stephen F Biegenzahn    efile@sfblaw.com
J Scott Bovitz    bovitz@bovitz-spitzer.com
Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
Shirley Cho    scho@pszjlaw.com
Russell Clementson    russell.clementson@usdoj.gov
Alicia Clough    alicia.clough@kayescholer.com
Yona Conzevoy    yconzevoy@dwclaw.com
Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
Melissa Davis    mdavis@shbllp.com
Daniel Denny    ddenny@gibsondunn.com
Richard K Diamond    rdiamond@dgdk.com
Richard K Diamond    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
Caroline Djang    crd@jmbm.com
Joseph A Eisenberg    jae@jmbm.com
Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
Alan W Forsley    awf@fredmanlieberman.com
Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
Jon H Freis    jon@jhflaw.net
Sandford Frey    Sfrey@cmkllp.com
Vanessa B Fung    vfung@sobini.com
Philip A Gasteier    pgasteier@rdwlawcorp.com
Thomas M Geher    tmg@jmbm.com
Barry S Glaser    bglaser@swjlaw.com
Steven Glaser    sglaser@wwllp.com
Robert P Goe    kmurphy@goeforlaw.com
Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
M Jonathan Hayes    jhayes@polarisnet.net
Eric P Israel    eisrael@dgdk.com
Seymone Javaherian    sj@javlaw.com
Ira Benjamin Katz    Ikatz@katzlaw.net
Alexandra Kazhokin    akazhokin@sulmeyerlaw.com
Stuart I Koenig    Skoenig@cmkllp.com
John P Kreis    jkreis@attglobal.net
Jeffrey A Krieger    jkrieger@ggfirm.com
Pamela Labruyere    pamela@sgsslaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009      **F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER 2:08-32333-BR |

Dare Law    dare.law@usdoj.gov
Jennifer Leland    jleland@pwkllp.com
John T Madden    jmadden@wgllp.com
William Malcolm    bill@mclaw.org
Elmer D Martin    elmermartin@msn.com
Daniel J McCarthy    dmccarthy@hillfarrer.com
David W. Meadows    david@davidwmeadowslaw.com
Hal M Mersel    mark.mersel@bryancave.com
Elissa Miller    emiller@sulmeyerlaw.com
Ali M Mojdehi    ali.m.m.mojdehi@bakernet.com,
andrew.mcdermott@bakernet.com;anne.w.hamann@bakernet.com
Susan I Montgomery    susan@simontgomerylaw.com
Monserrat Morales    mmorales@pwkllp.com
Randall P Mroczynski    randym@cookseylaw.com
Vicente Matias Murrell    murrell.vicente@pbgc.gov
R. Todd Neilson    tneilson@ecf.epiqsystems.com, vdoran@lecg.com;sgreenan@lecg.com
David Norouzi    david@norouzi.us
Scott H Noskin    snoskin@mirmanbubman.com
William Novotny    william.novotny@mwmf.com
Walter K Oetzell    woetzell@dgdk.com
Sam S Oh    sam.oh@limruger.com, alisia.dunbar@limruger.com
Jenny Y Park Garner    jpark@sheppardmullin.com
Penelope Parmes    pparmes@rutan.com
Lawrence Peitzman    lpeitzman@pwkllp.com
Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
David M Poitras    dpoitras@jmbm.com
Uzzi O Raanan    uor@dgdk.com
Christopher S Reeder    creeder@reederlugreen.com
Jeremy E Rosenthal    jrosenthal@sidley.com
Gregory M Salvato    gsalvato@pmcos.com
Bruce S Schildkraut    bruce.schildkraut@usdoj.gov
Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com
David B Shemano    dshemano@pwkllp.com
Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
Nico N Tabibi    nico@tabibilaw.com
Sam Tabibian    sam.tabibian@gmail.com
Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
David A Tilem    davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com
Alan G Tippie    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Howard J Weg    hweg@pwkllp.com
Kimberly S Winick    kwinick@clarktrev.com
Beth Ann R Young    bry@lnbrb.com
Afshin Youssefyeh    ady@adylaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1