STEVEN T. GUBNER - Bar No. 156593
DANIEL H. GILL - Bar No. 156045
DARREN B. NEILSON - Bar No. 276159
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email:   sgubner@ebg-law.com
         dgill@ebg-law.com
         dneilson@ebg-law.com

Attorneys for Plaintiff Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation<br><br>Debtor. | Case No. 2:08-bk-32333-BR<br><br>Chapter 11<br><br>**STIPULATION FOR COMPROMISE BETWEEN TRUSTEE AND DEFENDANT ELIZABETH KERMANI AND MOTION TO APPROVE COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRADLEY D. SHARP IN SUPPORT THREOF**<br><br>Date: [No Hearing Required]<br>Time: [No Hearing Required]<br>Place: Courtroom 1668<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Bradley D. Sharp, Chapter 11 Trustee ("Trustee") for the estate of Namco Capital Group, Inc. ("Debtor"), and Elizabeth Kermani ("Settling Party") hereby submit the following stipulation ("Stipulation") based on the following set of recitals. The Trustee also hereby moves for an order of the Court approving the Stipulation as a compromise of controversy, pursuant to Federal Rules of Bankruptcy, Rule 9019(a), as set forth in the attached Memorandum of Points and Authorities.

-1-

**STIPULATION FOR COMPROMISE**

RECITALS

A.  The within bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), when an involuntary petition was filed for relief under Chapter 11 of Title 11 of the United States Code. An Order for Relief was entered by the Court on or about January 29, 2009. On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee to the Debtor ("Estate").

B.  On or about December 9, 2010, the Trustee filed a Complaint to Avoid and Recover Preferential Transfers ("Complaint") against the Settling Party, entitled Bradley D. Sharp, Chapter 11 Trustee v. Elizabeth Kermani, case no. 2:10-ap-03286-BR ("Adversary Proceeding"), in which the Trustee sought to recover $81,833.33 based on avoidance of preferential transfers made by the Debtor to the Settling Party ("Asserted Claims"). Previously, on or about May 4, 2009, the Settling Party filed a proof of claim in the amount of $254,000 ("Proof of Claim").

C.  The Settling Party and the Trustee have shared documents and have been in discussions about the financial health of the Settling Party. Specifically, the Settling Party has made available to the Trustee her 2009 and 2010 tax returns and also completed a Hardship Application and Financial Disclosure Form ("Hardship Form") with an accompanying letter, giving further explanations concerning the Hardship Form. It appears from the documents submitted that the Settling Party would be unable to pay back to the Estate the amount sought in the Complaint, and the Trustee has concluded that it would be in the best interest of the estate to settle on the terms agreed to in the Stipulation.

D.  Rather than incur legal fees and costs associated with further litigating the Adversary Proceeding, the parties have agreed to settle the dispute as set forth below.

STIPULATION

1.  Recitals. The foregoing recitals are incorporated herein by this reference, as if set forth in full.

-2-

2. <u>Consideration</u>. The Settling Party releases any and all claims that she may have against the Debtor, including but not limited to Settling Party's Proof of Claim. In consideration thereof, the Trustee agrees to dismiss the Adversary Proceeding against her. After the Effective Date, as defined in paragraph 11 below, the Trustee will dismiss that Adversary Proceeding once the Settling Party has withdrawn her Proof of Claim. In the event that the Settling Party seeks to establish any other claim, the Trustee will have the right to reopen the Adversary Proceeding against the Settling Party

3. <u>Settling Party's Release</u>. Except for obligations created under this Stipulation, on the effective date hereof, the Settling Party hereby releases any and all claims that she may have against the Debtor, the Debtor's bankruptcy estate, and the Trustee, both personally and in his capacity as the Trustee herein, and this release applies to all of the Trustee's predecessors, successors and assigns, and to all of his attorneys and agents, and includes any claims under 11 U.S.C. § 502(h). On completion of the within settlement, the Trustee shall file a notice of dismissal of the Adversary Proceeding with prejudice, all parties to bear their own fees and costs.

4. <u>Trustee's Release</u>. The Trustee, for himself and on behalf of the Debtor and its estate, on the effective date hereof, releases the Settling Party, their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns, of all claims he has against the Settling Party arising out of or related to adversary proceedings in the Debtor's bankruptcy case, except as otherwise herein provided.

5. <u>Interpretation</u>. The Trustee and the Settling Party both acknowledge that they are represented by counsel, who have reviewed and approved this Stipulation. If there is a dispute over the meaning of any provision, this Stipulation shall not be interpreted against either party.

6. <u>Parties Bound</u>. This Stipulation is binding upon and shall inure to the benefit of the parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns.

7. <u>No Assignment</u>. The parties warrant that they have not pledged or assigned any of their claims that are the subject of this Stipulation and hereby promise and covenant to

-3-

indemnify and hold harmless any party against whom a claim that is the subject of this Stipulation may be made by any alleged pledgee or assignee of any party.

8. <u>Costs and Attorneys' Fees</u>. Each party shall bear his, her or its own costs, expenses and attorneys' fees, if any, heretofore incurred in the matters which are the subject of this Stipulation to date. However, in the event it becomes necessary for any party to take any action to compel enforcement of the terms of this Stipulation, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred to compel such enforcement.

9. <u>Execution</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures transmitted electronically, including by facsimile or email, may be deemed as originals.

10. <u>Integration</u>. This Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and other writings between the parties. No supplement, modification, waiver or termination of this Stipulation shall be binding unless executed in writing by the parties to be bound thereby.

11. <u>Court Approval and Effective Date</u>. This Stipulation is subject to the notice and opportunity for hearing requirements of the Code and applicable rules and regulations and is contingent upon approval of the Court in the Debtor's bankruptcy case. It shall be effective fifteen (15) days after entry of an order approving this Stipulation unless the order approving this Stipulation is stayed prior thereto, in which event it shall be effective upon entry of an order of the highest court reviewing the order approving this Stipulation affirming such order. The Trustee shall undertake, at expense only to the estate, to seek court approval hereof upon execution hereof. Settling Party shall cooperate with the Trustee at Settling Party's expense, if any.

/ / /

/ / /

12. <u>Jurisdiction</u>. The parties agree that the United States Bankruptcy Court for the Central District of California Los Angeles Division shall have jurisdiction to interpret and enforce the terms of this Stipulation.

Dated: August 15, 2011

_____
Bradley D. Sharp, Chapter 11 Trustee for Debtor Namco Capital Group, Inc.

Dated: August 4, 2011

_____
Defendant, Elizabeth Kermani

Approved as to form:

Dated: August __, 2011

EZRA BRUTZKUS GUBNER LLP

By: _____
Daniel H. Gill
Attorney for Bradley D. Sharp, Chapter 11 Trustee

Dated: August 4, 2011

DEFENDANT'S COUNSEL

_____
Judith Manouchehri
Attorney for Defendant Elizabeth Kermani

-5-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Court Should Approve this Stipulation for Compromise Because it is in the Best Interest of the Estate.

The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 334 and 157 and Federal Rules of Bankruptcy Procedure 3007 and 9019. The Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F) and (O).

Federal Rule of Bankruptcy Procedure 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

The Supreme Court, in Protective Comm. for Indep. Stockholders of TNT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should "apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collection on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

The Ninth Circuit has clarified the inquiry as follow:

> In determining the fairness, reasonableness and adequacy of a proposed compromise, the court must consider: (a) probability of success in litigation, (b) the difficulties, if any, to be encountered in the matter of collection, (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it, and (d) the paramount interest of the creditors and a proffered deference to their reasonable views in the premises.

In re A & C Properties, 784 F.2d 1377, 1388 (9th Cir. 1986), cert denied, 479 U.S. 854 (1986).

The Trustee, the party proposing the compromise, admittedly has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be

-6-

approved. Id. Although "the objections of creditors to the compromise must be afforded due deference, such objections are not controlling.... [W]hile the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the estate." Id., at 1382.

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness" of the proposed compromise. United States v. Alaska Nat'l Bank (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). The Ninth Circuit further stated:

> A compromise agreement allows the trustee and the creditors to avoid the expenses and burdens associated with litigating 'sharply contested and dubious' claims. The bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim. It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity, the court determines that either (1) the claim has a 'substantial foundation' and is not clearly invalid as a matter of law, or (2) the outcome of the claim's litigation is 'doubtful.'

Id., at 1328 (citations omitted).

It is also true that the Court need not "decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" In re Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (quoting, In re W.T. Grant & Co., 699 F.2d 599, 608 (2d Cir.) (emphasis added), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983)), aff'd, 50 B.R. 764 (S.D.N.Y. 1985).

In the case at bar, the Trustee has initiated an action against the Settling Party to avoid and recover preferential transfers in the amount of $81,833.33. On or about May 4, 2009, the Settling Party filed a proof of claim in the amount of $254,000. The Settling Party and the Trustee have shared documents and have been in discussions about the financial health of the Settling Party. Specifically, the Settling Party has made available to the Trustee her 2009 and 2010 tax returns and also completed a Hardship Application and Financial Disclosure Form ("Hardship Form") with an accompanying letter, giving further explanations concerning the Hardship Form. It appears that the documents submitted justify a mutual release between the

-7-

Trustee and the Settling Party because the Settling Party would be unable to pay back to the Estate the amount sought in the Complaint. The Trustee has concluded that it would be in the best interest of the estate to settle on the terms agreed to in the Stipulation.

Based on the forgoing, the parties have agreed that the Settling Party release and waive any and all claims that she has in the above-captioned bankruptcy, and the Trustee dismiss the Adversary Proceeding as more fully detailed above. The Trustee believes this to be a reasonable settlement under the circumstances of this proceeding.

In accordance with applicable rules, the Trustee will serve a notice of the proposed compromise to all persons entitled to receive notice.

## II.   Conclusion

Based on the foregoing, the Trustee respectfully requests that the Court approve the proposed Stipulation with the Settling Party and the sufficiency of the notice given to creditors and the parties given notice. The Trustee further prays for all other relief as may be appropriate under the circumstances.

Dated: August 26, 2011          EZRA BRUTZKUS GUBNER LLP

By:  /s/ Daniel H. Gill
    Daniel H. Gill
    Attorneys for Bradley D. Sharp, Chapter 11 Trustee

## DECLARATION OF BRADELY D. SHARP

I, Bradley D. Sharp, hereby declare and state as follows:

1. I am the Chapter 11 Trustee for the bankruptcy estate of Namco Capital Group, Inc. The facts stated herein are known to me to be true based on my personal knowledge, or on information I have learned in the course of my duties as Chapter 11 Trustee herein.

2. I believe that the proposed settlement with Elizabeth Kermani set forth in the within Stipulation is fair and reasonable and in the best interest of the estate for the reasons set forth in the within motion. I have read the foregoing Stipulation and the facts stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 15, 2011, at Los Angeles, California.

_____
Bradley D. Sharp

436702

-9-

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-BK-32333-BR |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document described **STIPULATION FOR COMPROMISE BETWEEN TRUSTEE AND DEFENDANT ELIZABETH KERMANI AND MOTION TO APPROVE COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRADLEY D. SHARP** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 16, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Sheri Kanesaka** – sheri.kanesaka@bryancave.com (attorney for settling party)
**Office of the United States Trustee (LA)** – ustpregion16.la.ecf@usdoj.gov

☒  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **September 16, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**BY U.S. MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Los Angeles Division - Roybal Federal Bldg.
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012-3332

Debtor
Namco Capital Group Inc.
c/o Parham Naghdechi & Evelyn Lahiji
1518 Federal Ave., Apt. 204
Los Angeles, CA 90025

Mark Stingley
Bryan Cave LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105-2100

☒  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 16, 2011 | JESSICA ROEL | /s/ Jessica Roel |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-BK-32333-BR |
|---|---|

## BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Simon Aron - saron@wrslawyers.com
Raymond H Aver - ray@averlaw.com
Andrew Bao - aabao@wolfewyman.com
Robert D Bass - rbass@greenbass.com
Christine E Baur - christine.e.baur@bakernet.com, tracey.l.angelopoulos@bakernet.com; anne.w.hamann@bakernet.com;
    ali.m.m.mojdehi@bakernet.com; jane.b.mackie@bakernet.com
Michael Jay Berger - michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com
Richard S Berger - rberger@lgbfirm.com, pbransten@lgbfirm.com;eborman@lgbfirm.com
Stephen F Biegenzahn - efile@sfblaw.com
J Scott Bovitz - bovitz@bovitz-spitzer.com
David W Brody - dbrody@brody-law.com, bknotice@brody-law.com
Alan F Broidy - alan@broidylaw.com, sherrie@broidylaw.com
Gillian N Brown - gbrown@pszjlaw.com, gbrown@pszjlaw.com
J Sheldon Capeloto - jcapeloto@capelotolaw.com
Michael F Chekian   Mike@ cheklaw.com, msalanick@cheklaw.com
Sara Chenetz - chenetz@blankrome.com, chang@blankrome.com
Shirley Cho - scho@pszjlaw.com
Matthew M Clarke - mclarke@cappellonoel.com
Russell Clementson - russell.clementson@usdoj.gov
Alicia Clough - alicia.clough@kayescholer.com
Marc S Cohen - mcohen@kayescholer.com
Yona Conzevoy - yconzevoy@dwclaw.com
Donald H Cram - dhc@severson.com
Ashleigh A Danker - adanker@kayescholer.com
Brian L Davidoff - bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
Melissa Davis - mdavis@shbllp.com
Daniel Denny - ddenny@gibsondunn.com
Richard K Diamond - rdiamond@dgdk.com
Richard K Diamond - jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
Caroline Djang - crd@jmbm.com
Joseph A Eisenberg - jae@jmbm.com
Lei Lei Wang Ekvall - lekvall@wgllp.com
David K Eldan - malvarado@pmcos.com, rpinal@pmcos.com;calendar@pmcos.com
Robert Esensten - resensten@wcclaw.com
James R Felton - jfelton@greenbass.com
Michael G Fletcher - mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
Alan W Forsley - awf@fredmanlieberman.com, awf@fkllawfirm.com
Heather Fowler - heather.fowler@lw.com, colleen.rico@lw.com
Jon H Freis - jon@jhflaw.net
Sandford Frey - Sfrey@cmkllp.com
Vanessa B Fung - vfung@sobini.com
Philip A Gasteier - pag@lnbrb.com
Randi R Geffner - rgeffner@wcclaw.com
Randi R Geffner - rgeffner@wccelaw.com
Thomas M Geher - tmg@jmbm.com
Julia P Gibbs - legalgibbs@gmail.com
Bernard R Given - bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
Barry S Glaser - bglaser@swjlaw.com
Steven Glaser - sglaser@wwllp.com
Jeffrey I Golden - jgolden@wgllp.com
Stanley E Goldich - sgoldich@pszjlaw.com
Jeffrey S Goodfried - jgoodfried@perkinscoie.com
David Gould - dgould@gglawllp.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC.                     Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-BK-32333-BR |
|---|---|

Matthew Grimshaw - mgrimshaw@rutan.com
~~Peter J Gurfein - pgurfein@lgbfirm.com~~ (requested removal)
Stella A Havkin - havkinlaw@earthlink.net
Eric P Israel - eisrael@dgdk.com
Seymone Javaherian - sj@javlaw.com
David Joe - djoe@rutterhobbs.com, calendar@rutterhobbs.com
Lance N Jurich - ljurich@loeb.com, kpresson@loeb.com
Jerome Kaplan - kapkenkd@pacbell.net
Ira Benjamin Katz - Ikatz@katzlaw.net
George H Kim - george@gkimlaw.com
John W Kim – jkim@nossaman.com
Yi S Kim - ykim@greenbass.com
Stuart I Koenig - Skoenig@cmkllp.com
Michael S Kogan - mkogan@ecjlaw.com
Alan J Kornfeld - akornfeld@pszjlaw.com, akornfeld@pszjlaw.com
John P Kreis - jkreis@attglobal.net
Jeffrey A Krieger - jkrieger@ggfirm.com
Pamela Labruyere - pamela@sgsslaw.com
Ronald L Leibow - rleibow@kayescholer.com
Jennifer Leland - jleland@pwkllp.com
Mitchell B Ludwig - mbl@kpclegal.com
John T Madden - jmadden@wgllp.com
Harris M Madnick - hmmadnick@reederlugreen.com
William Malcolm - bill@mclaw.org
Elmer D Martin - elmermartin@gmail.com
Daniel J McCarthy - dmccarthy@hillfarrer.com
Ashley M McDow - amcdow@mbnlawyers.com
Alexis M McGinness - amm@jmbm.com, vr@jmbm.com
David W. Meadows - david@davidwmeadowslaw.com
Hal M Mersel - mark.mersel@bryancave.com
Elissa Miller - emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
Ali M Mojdehi - ali.mojdehi@bakermckenzie.com, brian.byun@bakermckenzie.com,janet.gertz@bakermckenzie.com
Richard M Moneymaker - rmm@moneymakerlaw.com
Susan I Montgomery - susan@simontgomerylaw.com
Monserrat Morales - mmorales@pwkllp.com
Randall P Mroczynski - randym@cookseylaw.com
Vicente Matias Murrell - murrell.vicente@pbgc.gov
R. Todd Neilson - tneilson@ecf.epiqsystems.com, vdoran@brg-expert.com;sgreenan@brg-expert.com
Christopher R Nelson - cnelson@erlaw.com
Mike D Neue - mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Lisa N Nobles – Lnobles@LGBFirm.com, MSaldana@LGBFirm.com;cscott@LGBFirm.com
David Norouzi – david@norouzi.us
William Novotny - william.novotny@mwmf.com
Walter K Oetzell - woetzell@dgdk.com
Sam S Oh - sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com
Aram Ordubegian - ordubegian.aram@arentfox.com
Shai S Oved - ssoesq@aol.com
Malhar S Pagay - mpagay@pszjlaw.com, mpagay@pszjlaw.com
Jenny Y Park Garner - jpark@sheppardmullin.com
Leo D Plotkin - lplotkin@lsl-la.com, dsmall@lsl-la.com
David M Poitras - dpoitras@jmbm.com
Samuel Price - sprice@pooleshaffery.com
Uzzi O Raanan - uor@dgdk.com, DanningGill@Gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC.                    Debtor(s). | CHAPTER  11<br>CASE NUMBER  2:08-BK-32333-BR |
|---|---|

Russell H Rapoport - rrapoport@prllplaw.com, lgillis@prllplaw.com
Christopher S Reeder - ecfnotices@reederlu.com
Saul Reiss - reisslaw@verizon.net
John P Reitman – jreitman@lgbfirm.com, pswierszcz@lgbfirm.com
Ronald N Richards - ron@ronaldrichards.com
Jeremy E Rosenthal - jrosenthal@sidley.com
Neal Salisian - neal.salisian@salisianlee.com
Damon G Saltzburg - ds@srblaw.com, cs@srblaw.com
Henley L Saltzburg - hls@srblaw.com
Gregory M Salvato - gsalvato@pmcos.com, calendar@salvatolawoffices.com
Gregory M Salvato - gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
Scott A Schiff - sas@soukup-schiff.com
Bruce S Schildkraut - bruce.schildkraut@usdoj.gov
Benjamin Seigel - bseigel@buchalter.com, IFS_filing@buchalter.com
Steven M Sepassi - steve@sepassilaw.com
Charles Shamash - cs@locs.com, generalbox@locs.com
Terry D Shaylin - tshaylin@karasiklaw.com
David B Shemano - dshemano@pwkllp.com
Brian P Simon - nightowl5755@yahoo.com
Steven R Skirvin - srs@dkclaw.com
Ryan J Stonerock - rstonerock@wrslawyers.com
Nico N Tabibi - nico@tabibilaw.com
Sam Tabibian - sam.tabibian@gmail.com
Derrick Talerico - dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
David A Tilem - davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com
Alan G Tippie - atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
Arvin Tseng - atseng@troygould.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Matthew S Walker - matthew.walker@pillsburylaw.com, sue.hodges@pillsburylaw.com; pamela.breeden@pillsburylaw.com
Howard J Weg - hweg@pwkllp.com
Michael H Weiss - mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
Monika S Wiener - mwiener@dl.com
Kimberly S Winick - kwinick@clarktrev.com
Richard Lee Wynne - rlwynne@jonesday.com, sjperry@jonesday.com
Beth Ann R Young - bry@lnbrb.com
Mark T Young - myoung@donahoeyoung.com
Afshin Youssefyeh - ady@adylaw.com
Dean A Ziehl - dziehl@pszjlaw.com, dziehl@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                         F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-BK-32333-BR |
|---|---|

## BY U.S. MAIL

### COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS

Abraham B. Assil Trust
1000 Westgate Avenue, #100
Los Angeles, CA 90049
Attn: Abraham Assil

Artech Properties, LLC
Alex Hakakian, President
15478 Duomo Via
Los Angeles, CA 90077

Benjamin B. Efraim
5423 E Village Rd., Ste 200
Long Beach, CA 90808-1659

Fahadian Family Trust
P.O. Box 7333
Newport Beach, CA 92658
Attn: F. Jason Far-hadian, Esq

Joseph Ghadir
3001 Beverly Glen Circle
Los Angeles, CA 90077

### REQUEST FOR SPECIAL NOTICE

Attorneys for Marmar Goshen, LLC
Ronald E. Michelman, Esq.
Michelman & Michelman, LLP
20265 Ventura Blvd., Suite D
Woodland Hills, CA 91364

Attorneys for MAGD Enterprises, Inc.
Alexander Haroonian, Esq.
Law Offices of Alexander Haroonian
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211

Eximo, Inc.
3820 Del Amo Blvd., Suite 235
Torrance, CA 90503

Attorneys for Official Unsecured Creditors'
Committee of Namco Capital Group, Inc.
M. Freddie Reiss
Amir Agam
FTI Consulting
633 West Fifth Street, 16th Floor
Los Angeles, CA 90071

Attorneys for Iraj Shirazi
Shai Oved, Esq.
The Law Offices of Shai Oved
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, CA 91303

Attorneys for Paul & Judith Laska
aka the Laska Family Trust
David S. White, Esq.
David S. White & Associates
12401 Wilshire Blvd., Suite 200
Los Angeles, CA 90025

Ehsan Afaghi, Esq.
170 S Beverly Dr., Suite 315
Beverly Hills, CA 90212

Dorita Ashoori
1520 Camden Avenue, Apt 306
Los Angeles, CA 90025

A Barry Cappello, Esq.
Cappello & Noel LLP
831 State Street
Santa Barbara, CA 93101

Cathay Bank
c/o Frandzel Robins Bloom & Csato LC
6500 Wilshire Blvd., Suite 1700
Los Angeles, CA 90048

David Alan Cooper, Esq.
417-B W Foothill Blvd., #511
Glendora, CA 91741

Crowe Horwath LLP
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Delson Brown Properties, LLC
c/o K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067

Elite Properties Realty
Attn: Phil Peymour
148 S Beverly Dr
Beverly Hills, CA 90212

Robert P. Goe, Esq.
Goe & Forsythe LLP
18101 Von Karman Ave, Suite 510
Irvine, CA 92612

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC.  Debtor(s). | CHAPTER 11  CASE NUMBER 2:08-BK-32333-BR |
|---|---|

Mark E Goodfriend, Esq.
16255 Ventura Blvd., Suite 205
Encino, CA 91436

~~David Haghani~~
~~c/o Alexander Escandari, Esq.~~
~~9100 Wilshire Blvd., #725~~
~~Beverly Hills, CA 90212~~

Teresa Y Hillery, Esq.
Fidelity National Law Group
915 Wilshire Blvd., Suite 2100
Los Angeles, CA 90017

Eric P. Israel, Esq.
Danning Gill et al LLP
2029 Century Pk East, 3rd Floor
Los Angeles, CA 90067-2904

Dugan P. Kelley, Esq.
Christman, Kelley & Clarke
831 State Street
Santa Barbara, CA 93101

Samuel Krane, Esq.
16255 Ventura Blvd., Suite 600
Encino, CA 91436-2303

David R Krause-Leemon, Esq.
Luce Forward Hamilton & Scripps
601 S Figueroa Street, Suite 3900
Los Angeles, CA 90017

Lapico LLC and Picola 8 LLC
c/o Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., #1650
Sherman Oaks, CA 91403

Lee & Associates-Newport Beach, Inc
3991 MacArthur Blvd., Suite 100
Newport Beach, CA 92660

William N. Lobel
The Lobel Firm
840 Newport Center Dr., Suite 750
Newport Beach, CA 92660-6324

Robert B Mobasseri, Esq.
Law Office of Robert Mobasseri
445 South Figueroa St., 27th Floor
Los Angeles, CA 90071

Timothy Neufeld, Esq.
Neufeld, Marks, Gralnek & Maker
360 E. 2nd Street, Suite 703
Los Angeles, CA 90012

Richard Pachulski, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4003

Physicians Reciprocal Insurers
c/o Penelope Parmes, Esq.
Rutan & Tucker LLP
611 Anton Blvd , #1400
Costa Mesa, CA 92626

David Pourbaba
8271 Melrose Ave , #200
Los Angeles, CA 90046

Saul Reiss, Esq.
Law Offices of Saul Reiss
2800 28th St., Suite 328
Santa Monica, CA 90405

Mohammad Reza-Karimi
3409 Overland Ave
Los Angeles, CA 90034

John M Rygh, Esq.
Fidelity National Law Group
915 Wilshire Blvd., Suite 2100
Los Angeles, CA 90017

Shulman Hodges & Bastian LLP
26632 Towne Centre Dr., Suite 300
Foothill Ranch, CA 92610

Stinson Morrison Hecker LLP
Attn: Christopher C. Simpson
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4584

Kasra Torabi, Esq.
Pacifica International Law Group LLP
15233 Ventura Blvd., PH 16
Sherman Oaks, CA 91403

Daniel J Uretsky, Esq.
Wolf Rifkin Shapiro Schulman & Rabkin
11400 W Olympic Blvd., Ninth Fl
Los Angeles, CA 90064-1582

David Zadeh
Fredman Lieberman LLP
1875 Century Park East, Suite 2200
Los Angeles, CA 90067

Attorney for Robert Frontera
Scott L. Gilmore
Hill, Farrer & Burrill, LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147

Namco Capital Group
333 South Grand Avenue, Suite 4060
Los Angeles, CA 90071

Ebrahim Kermani
1620 S. Los Angeles Street, #C
Los Angeles, CA 90015

Courtesy Copy
Judith K. Manouchehri, Esq.
Panda Express, Inc.
1683 Walnut Grove Ave
Rosemead, CA 91770

Elizabeth Kermani
1620 S. Los Angeles Street, #C
Los Angeles, CA 90015

Abner Kermani
1620 S. Los Angeles Street, #C
Los Angeles, CA 90015

Farahnaz Shahian
1300 Midvale Avenue, Apt. 208
Los Angeles, CA 90024

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                F 9013-3.1