1 RICHARD H. LEE, SBN 223553
richard.lee@salisianlee.com
2 NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
3 **SALISIAN | LEE LLP**
444 South Flower Street, Suite 1840
4 Los Angeles, California  90071-2925
Telephone:  (213) 622-9100
5 Facsimile:  (800) 622-9145

6 Attorneys for Interested Party
PENTACO MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Case No.:  2:08-bk-32333-BR |
|---|---|
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| | [Hon. Barry Russell, Ctrm 1668] |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER BY INTERESTED PARTY PENTACO MANAGEMENT, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NEAL S. SALISIAN** |
| | Hearing Date:     October 18, 2011
Hearing Time:     10:00 a.m.
Hearing Location: Ctrm 1668 |

MOTION FOR PROTECTIVE ORDER

TO R. TODD NEILSON, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF EZRI NAMVAR, BRADLEY SHARP, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF NAMCO CAPITAL GROUP, INC., AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THIS BANKRUPTCY CASE:

PLEASE TAKE NOTICE that on October 18, 2011, at 10:00 a.m. in Courtroom 1668 of the above-entitled court, located at 255 East Temple Street, Los Angeles, California 90012, interested party Pentaco Management, Inc. ("Pentaco") will move, and hereby does move, for entry of a protective order (1) requiring the Trustee to return certain document or information related to the non-party Chesed Foundation ("Chesed") being sought by the Official Committee of Unsecured Creditors in this bankruptcy case (the "Committee") that were inadvertently produced by Pentaco, or otherwise destroy them by adequate means, or (2) in the alternative, designating those records to be subject to the June 22, 2010 confidentiality stipulation and order on documents produced or disclosed by Pentaco in this matter, and blocking or otherwise preventing Bradley Sharp, Chapter 11 trustee of the bankruptcy estate of Namco Capital Group, Inc. (the "Trustee"), from producing or otherwise disclosing such document or information related to Chesed to the Committee, and, in addition, (3) blocking or otherwise preventing the Trustee from producing or otherwise disclosing the Trustee's financial analysis of Chesed that are based upon such documents or information.

PLEASE TAKE FURTHER NOTICE that this Motion is made pursuant to Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 9014(a) and Federal Rules of Civil Procedure, Rule 26(c)(1), made applicable by FRBP Rules 7026 and 9014(c), and is premised upon the fact that (1) on or about August 19, 2011, the Committee served the Trustee with a subpoena demanding "[a]ll Quickbooks accounting records" related to Chesed, (2) those records were inadvertently produced to the Trustee by Pentaco's prior counsel with production of other

discovery, and (3) this Court previously entered an order approving and confirming the confidentiality and protective order between the Trustee and Pentaco.

PLEASE TAKE FURTHER NOTICE that this Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Neal S. Salisian with exhibits thereto, concurrently submitted herewith, the pleadings, records and files of this action, and any further oral or documentary evidence that may be presented at the hearing on this Motion. If you wish to oppose the Motion, you must file a written opposition with the above-referenced Court no later than October 4, 2011 and serve a copy of the same on Pentaco's counsel, Neal S. Salisian, Salisian Lee LLP, 444 South Flower Street, Suite 1840, Los Angeles, California 90071. If you fail to file a written opposition with the Court and serve it on Pentaco by the date indicated, the Court may enter an order granting the relief requested in the Motion.

Dated:   September 19, 2011         SALISIAN | LEE LLP

By   /s/  Neal S. Salisian
     Neal S. Salisian
     Attorney for Interested Party
     PENTACO MANAGEMENT, INC.

## I. INTRODUCTION

By this Motion, interested party Pentaco Management, Inc. ("Pentaco") seeks entry of a protective order blocking or otherwise preventing Bradley Sharp, Chapter 11 trustee of the bankruptcy estate of Namco Capital Group, Inc. (the "Trustee"), from producing or otherwise disclosing any document or information related to the non-party Chesed Foundation ("Chesed") being sought by the Official Committee of Unsecured Creditors in this bankruptcy case (the "Unsecured Committee").

In or around Spring 2010, the Trustee sought to have Pentaco produce various documents in Pentaco's possession or control in connection with discovery in this matter. On June 22, 2010, this Court entered an order approving and confirming the stipulation by and between the Trustee, R. Todd Neilson, Chapter 11 trustee for the bankruptcy estate of Ezri Namvar (the "Namvar Trustee"), and Pentaco, whereby the stipulating parties agreed maintain confidentiality of certain documents produced in discovery.

Pentaco subsequently produced various documents that were deemed "confidential" pursuant to the stipulated order. Inadvertently included among the documents produced by Pentaco's prior counsel were Chesed's Quickbooks accounting records ("Chesed's Records"). Pentaco's current counsel recently learned of this inadvertent disclosure when the Committee contacted the Trustee to obtain copies of Chesed's Records, and the Trustee alerted Pentaco's counsel of that request. Pentaco notified the Trustee that the production of Chesed's Records was an inadvertent disclosure, and asked the Trustee to return them to Pentaco, or otherwise destroy Chesed's records.

The Trustee has not complied with Pentaco's request, and indicated that they would proceed with producing Chesed's Records to the Committee unless this Court orders otherwise.

Pentaco now, therefore, brings this Motion, pursuant to Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 9014(a) and Federal Rules of Civil

Procedure, Rule 26(c)(1), made applicable by FRBP Rules 7026 and 9014(c), to secure this Court's order (1) requiring the Trustee to return the inadvertently produced Chesed's Records to Pentaco, or otherwise destroy them by adequate means, pursuant to FRCP Rule 26(b)(5)(B), made applicable by FRBP Rules 7026 and 9014(c), or (2) in the alternative, designating Chesed's Records to be subject to the June 22, 2010 confidentiality stipulation and order on documents produced or disclosed by Pentaco in this matter, and blocking or otherwise preventing the Trustee from producing or otherwise disclosing such document or information related to Chesed to the Committee, and, in addition, (3) blocking or otherwise preventing the Trustee from producing or otherwise disclosing the Trustee's financial analysis of Chesed that are based upon such documents or information.

## II.   SUMMARY OF RELEVANT FACTS

In or around Spring 2010, the Trustee sought to have Pentaco produce various documents in Pentaco's possession or control in connection with discovery in this matter. To facilitate production, on June 16, 2010, the Trustee and Pentaco, along with the Namvar Trustee, stipulated to maintain confidentiality and jointly seek a protective order on all items or information that are produced or generated in disclosures or responses to discovery in this matter that is designated as "confidential" (the "Confidentiality Stipulation"). On June 22, 2010, this Court entered an order approving and confirming the Confidentiality Stipulation as an order of the Court (the "June 22, 2010 Protective Order"). (*See* Declaration of Neal S. Salisian ("Salisian Decl."), ¶2, Exs. A, B.)

Subsequently, Pentaco, by and through its prior counsel, Reeder Lu, LLP, produced various documents in Pentaco's possession or control that were designated as "confidential" in accordance with the Confidentiality Stipulation to the Trustee. Chesed's Records were apparently inadvertently included in that production. (*See* Salisian Decl., ¶ 3.)

On August 12, 2011, the Trustee's special counsel, Gillian N. Brown, Esq. of Pachulski Stang Ziehl & Jones LLP, notified Pentaco's current counsel, Neal S. Salisian, Esq. of Salisian Lee, LLP, that the Unseucred Committee was requesting the Trustee, as well as the Namvar Trustee, for their respective financial analysis of Chesed, which incorporated portions of Chesed's Records.  On August 16, 2011, Pentaco's counsel notified the Trustee's special counsel that Chesed's Records are subject to the Confidentiality Stipulation and the June 22, 2010 Protective Order, and that the Trustee is not authorized to produce Chesed's Records to the Committee.  The Trustee's special counsel responded later that day by indicating that they would inform the Unsecured Committee of Pentaco's position on Chesed's Records.  (*See* Salisian Decl., ¶4, Ex. C)

On or about August 19, 2011, the Unsecured Committee served the Trustee, and the Namvar Trustee, with a subpoena demanding that both trustees produce Chesed's Records, and each trustee's, financial analysis of Chesed (the "Subpoena").  (*See* Salisian Decl., ¶5, Ex. D)

On September 1, 2011, Pentaco's counsel further informed the Trustee's special counsel that Chesed's Records were inadvertently produced with the various other documents that Pentaco had previously produced, and requested the Trustee to return or otherwise destroy Chesed's Records in the Trustee's possession ("September 1, 2011 Letter").  (*See* Salisian Decl., ¶6, Ex. E).  In response, the Trustee's special counsel prepared and served objections to the Subpoena.  (*See* Salisian Decl., ¶7, Ex. F).

On September 16, 2011, the Trustee's special counsel informed Pentaco's counsel that, despite its objections, unless Pentaco files a motion for protective order, the Trustee would proceed with producing Chesed's Records and related information sought by the Committee's Subpoena ("September 16, 2011 Email").  (*See* Salisian Decl., ¶8, Ex. G.)

As of the date of filing this Motion, the Trustee has not returned Chesed's Records which were inadvertently produced, not notified Pentaco that the Trustee has destroyed them. (*See* Salisian Decl., ¶9.)

## III. LEGAL ARGUMENT

### A. This Court Is Authorized To Issue The Orders Sought By This Motion

FRCP Rule 26(c)(1), made applicable by FRBP Rules 7026 and 9014(c), states, in relevant part, that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> . . .
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Pentaco, by this Motion, seeks this Court's order requiring the Trustee to return the inadvertently produced Chesed's Records to Pentaco, or otherwise destroy them by adequate means, pursuant to FRCP Rule 26(b)(5)(B), made applicable by FRBP Rules 7026 and 9014(c). In the alternative, Pentaco seeks this Court's order designating Chesed's Records to be subject to the Confidentiality Stipulation and the June 22, 2010 Protective Order, and blocking or otherwise preventing the Trustee from producing or otherwise disclosing Chesed's Records to the Committee. In addition, Pentaco seeks this Court's order blocking or otherwise preventing the Trustee from producing or otherwise disclosing the Trustee's financial analysis of Chesed that are based upon Chesed's Records. The substance of each order sought by this Motion falls within the purview of FRCP Rule 26,

which "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

### B. Chesed's Records Were Inadvertently Produced And Must Be Ordered Returned Or Otherwise Destroyed

Courts have recognized "the existence of a constitutionally protected interest in the confidentiality of personal financial information." *Statharos v. N.Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 322-23 (2d Cir. 1999) (citing *Barry v. City of N.Y.*, 712 F.2d 15554, 1558-59 (2d Cir. 1983); *Cal. Bankers Assoc. v. Shultz*, 416 U.S. 21, 78-79 (1974) (Powell, J., concurring) ("Financial transactions can reveal much about a person's activities, associations, and beliefs. At some point, governmental intrusion upon these areas would implicate legitimate expectations of privacy.")). Chesed's Records contain not only confidential and commercially sensitive business information of Chesed, but also the personal financial information of various donors. As such, Chesed's Records must be protected. *See, e.g., LA Gem & Jewelry Design, Inc. v. Sterling Jewelers, Inc.*, 2011 U.S. Dist. LEXIS 90724, at *5-7 (C.D. Cal. Aug. 15, 2011) (ordering that documents that contain financial information , reports, records, projections and other commercial information can be marked "confidential" by the producing party or non-party witness pursuant to the court's protective order).

Upon becoming aware that Chesed's Records were inadvertently produced to the Trustee, Pentaco demanded that they be returned or destroyed. FRCP Rule 26(b)(5)(B) requires that "[a]fter being notified [of the inadvertent disclosure of privileged material], a party *must promptly return, sequester or destroy the information* until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." (Emphasis added). Despite Pentaco's demand, the Trustee has not yet complied

with its obligations under FRCP Rule 26(b)(5)(B), made applicable to this proceeding by operation of FRBP Rules 7026 and 9014(c).

The Trustee must return Chesed's Records to Pentaco, or otherwise destroy such inadvertently produced documents. If the Trustee were to instead produce those documents to third parties, such as the Unsecured Committee, that would not only expose the Trustee to potential damages, but also expose Pentaco as well.

### C. Chesed's Records Are Subject To The Confidentiality Stipulation And The June 22, 2010 Protective Order, And Must Be Ordered Barred Or Forbidden From Disclosure To The Committee

Even if this Court finds that FRCP Rule 26(b)(5)(B) does not apply to Chesed's Records, those records are nonetheless subject to the Confidentiality Stipulation and June 22, 2010 Protective Order. The scope of the Confidentiality Stipulation extends to "all items or information, regardless of the medium or manner in which it is generated, stored, or maintained . . . that are produced or generated in disclosures or responses to discovery in this matter." (*See* Confidentiality Stipulation, Section 2(e).) As Chesed's Records were part of Pentaco's production of documents that were designated as "confidential" pursuant to the Confidentiality Stipulation, they are subject to the Confidentiality Stipulation inasmuch as any other confidential documents that Pentaco produced to the Trustee in discovery. The Unsecured Committee is not among the list of persons who are permitted access to confidential documents produced under the Confidentiality Stipulation. (*See* Confidentiality Stipulation, Section 7.2.)

By its Subpoena, the Unsecured Committee is attempting to go around Chesed and sneak past Chesed's privacy rights by seeking the confidential, commercially sensitive business information from the Trustee. The Trustee received the benefit of acquiring access to various confidential documents and information, including Chesed's Records, pursuant to the Confidentiality Stipulation. In furtherance of the purpose and intent of that Confidentiality

Stipulation, and this Court's June 22, 2010 Protective Order, the Court must not permit the Unsecured Committee to circumvent the normal discovery process of seeking Chesed's Records directly from Chesed.

In addition to the Confidentiality Stipulation and the June 22, 2010 Protective Order, FRCP Rule 26(c)(1) enables this Court to forbid the disclosure or production of Chesed's Records to the Committee, and order the Trustee to not reveal to the Committee the confidential business and financial information of Chesed that the Trustee acquired pursuant to the Confidentiality Stipulation. Instead, the Committee must resort to the normal discovery channels of seeking discovery of such information directly from Chesed, who is in the best position to determine what additional privileges might be applicable, and what documents or information may rightfully be disclosed.

**D.   The Trustee's Financial Analysis Of Chesed That Are Based Upon Chesed's Records Must Be Ordered Barred Or Forbidden From Disclosure To The Committee**

Not only must the Court bar or forbade Chesed's Records from being improperly disclosed to the Unsecured Committee, whether because they are found to have been inadvertently disclosed or otherwise subject to the Confidentiality Stipulation and the June 22, 2010 Protective Order, but the Court must also bar or forbade the Trustee from disclosing or sharing his financial analysis of Chesed to the Unsecured Committee. The Confidentiality Stipulation expressly extends to, *inter alia*, "any information copied or extracted from Protected material" and "all copies, excerpts, summaries or compilations of Protected Material." (*See* Confidentiality Stipulation, Section 3.) The Trustee's special counsel noted in her September 12, 2011 email to Pentaco's counsel that the "[financial] analysis [of Chesed] incorporates portions of the Quickbooks file of Chesed." Accordingly, the Trustee's financial analysis which the Unsecured Committee is seeking to obtain by subpoena is subject to the protective order and confidentiality afforded by the

Confidentiality Stipulation, which extends to "any information copied or extracted" from Chesed's Records or any copy, excerpt summary or compilation of them.

Moreover, FRCP Rule 26(c)(1) is not limited to the documents produced, but allows this Court to enter a protective order "forbidding inquiry into certain matters." The inquiry into which the Unsecured Committee attempts to make are certain matters that are afforded confidentiality protection under the Confidentiality Stipulation and the June 22, 2010 Protective Order. The Committee must therefore be barred from obtaining the Trustee's financial analysis of Chesed and, instead, resort to the proper discovery channels of acquiring any non-privileged information directly from Chesed, and conducing its own analysis based upon such non-privileged information.

## IV.   CONCLUSION

Good cause exists for the issuance of a protective order (1) requiring the Trustee to return Chesed's Records, which Pentaco inadvertently disclosed to the Trustee in discovery, or otherwise destroy them by adequate means, or (2) in the alternative, designating those records to be subject to the Confidentiality Stipulation and the June 22, 2010 Protective Order, and blocking or otherwise preventing the Trustee from producing or otherwise disclosing Chesed's Records to the Committee. In addition, good cause exists for the issuance of a protective order blocking or otherwise preventing the Trustee from producing or otherwise disclosing to the Committee the Trustee's financial analysis of Chesed that are based upon and incorporate Chesed's Records.

//
//
//
//
//
//

1 | The Court should therefore grant the protective order(s) which Pentaco
2 | respectfully request by this Motion.

4 | Dated:   September 19, 2011        SALISIAN | LEE LLP

7 | By   /s/  Neal S. Salisian
      Neal S. Salisian
      Attorney for Interested Party
8 |   PENTACO MANAGEMENT, INC.

Salisian|Lee LLP

# DECLARATION OF NEAL S. SALISIAN

I, Neal S. Salisian, declare as follows:

1.    I am over 18 years old and am an attorney licensed to practice in the State of California and in the United States District Court, Central District of California. I am a partner with the law firm of Salisian Lee LLP, counsel for the interested party Pentaco Management, Inc. ("Pentaco"). I make this declaration in support of Pentaco's Motion for Protective Order, which is being submitted concurrently herewith. I have personal knowledge of the facts stated in this declaration, except for those stated on information and belief, and I could and would truthfully testify thereto if called upon as a witness.

2.    I am informed and believe that in or around Spring 2010, Bradley Sharp, Chapter 11 trustee of the bankruptcy estate of Namco Capital Group, Inc. (the "Trustee"), sought to have Pentaco produce various documents in Pentaco's possession or control in connection with discovery in this matter. I am further informed and believe that in order to facilitate production, on June 16, 2010, the Trustee and Pentaco, along with R. Todd Neilson, Chapter 11 trustee for the bankruptcy estate of Ezri Namvar (the "Namvar Trustee"), stipulated to maintain confidentiality and jointly seek a protective order on all items or information that are produced or generated in disclosures or responses to discovery in this matter that is designated as "confidential" (the "Confidentiality Stipulation"). On June 22, 2010, this Court entered an order approving and confirming the Confidentiality Stipulation as an order of the Court (the "June 22, 2010 Protective Order"). A true and correct copy of the Confidentiality Stipulation is attached hereto as <u>Exhibit A</u>. A true and correct copy of the June 22, 2010 Protective Order is attached hereto as <u>Exhibit B</u>.

3.    Subsequently, Pentaco, by and through its prior counsel, Reeder Lu, LLP, upon information and belief, produced various documents in Pentaco's possession or control that were designated as "confidential" in accordance with the

Confidentiality Stipulation to the Trustee. Chesed's Records were apparently inadvertently included in that production.

4. On August 12, 2011, the Trustee's special counsel, Gillian N. Brown, Esq. of Pachulski Stang Ziehl & Jones LLP, notified us, as Pentaco's current counsel, that the Committee requesting the Trustee, as well as the Namvar Trustee, for their respective financial analysis of Chesed, which incorporated portions of Chesed's Records. On August 16, 2011, we notified the Trustee's special counsel that Chesed's Records are subject to the Confidentiality Stipulation and the June 22, 2010 Protective Order, and that the Trustee is not authorized to produce Chesed's Records to the Committee. The Trustee's special counsel responded later that day by indicating that they would inform the Committee of Pentaco's position on Chesed's Records. True and correct copies of these August 12, 2011 and August 16, 2011 email exchanges are attached hereto as Exhibit C.

5. On or about August 19, 2011, the Committee served the Trustee, and the Namvar Trustee, with a subpoena demanding that both trustees produce Chesed's Records, and each trustee's, financial analysis of Chesed (the "Subpoena"). A true and correct copy the Subpoena is attached hereto as Exhibit D.

6. On September 1, 2011, pursuant to Chesed's demand that Pentaco retrieve Chesed's Records that were inadvertently produced to the Trustee, Pentaco's counsel further informed the Trustee's special counsel that Chesed's Records were inadvertently produced with the various other documents that Pentaco had previously produced, and requested the Trustee to return or otherwise destroy Chesed's Records in the Trustee's possession ("September 1, 2011 Letter"). A true and correct copy of the September 1, 2011 Letter is attached hereto as Exhibit E.

7. In response, on September 1, 2011, the Trustee's special counsel prepared and served objections to the Subpoena (the "Objection"). A true and correct copy of the Objection is attached hereto as <u>Exhibit F</u>.

8. On September 16, 2011, the Trustee's special counsel informed Pentaco's counsel that unless Pentaco files a motion for protective order, the Trustee would proceed with producing Chesed's Records and related information sought by the Committee's Subpoena ("September 16, 2011 Email"). A true and correct of the September 16, 2011 Email is attached hereto as <u>Exhibit G</u>.

9. As of the date of filing this Motion, the Trustee has not returned Chesed's Records which were inadvertently produced, not notified Pentaco that the Trustee has destroyed them.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2011, at Los Angeles, California.

                                                                     /s/ Neal S. Salisian
                                                                    Neal S. Salisian